PARKER, DEMANDANTE Y APELADO, *v.* OLLER, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de desahucio en precario.

No. 1133.—Resuelto en julio 11, 1914.

DESAHUCIO EN PRECARIO—SENTENCIA SOBRE LAS ALEGACIONES—REQUISITOS QUE DEBEN CONCURRIR.—Para que pueda dictarse sentencia sobre los méritos de

las alegaciones a moción del demandante, es necesario que las alegaciones esenciales de la demanda, la cual es en sí suficiente y ha sido jurada en debida forma, no hayan sido específicamente impugnadas en la contestación, ni se haya aducido materia nueva constitutiva de oposición o defensa legal.

ID.—SENTENCIA SOBRE LAS ALEGACIONES—CASOS EN QUE NO PROCEDE.—Cuando el demandado en una acción de desahucio en precario niega todas las alegaciones esenciales de la demanda y en la primera comparecencia de las partes admite haber recibido una carta del demandante en la cual se le avisa que desde cierta fecha quedaba rescindido y revocado el permiso que tenía para ocupar cierto solar sobre el cual había construído una casa, la admisión de haber recibido dicha carta no justifica el que a virtud de moción de la demandante hecha en la segunda comparecencia para la práctica de la prueba testifical, cuando aún ésta no se había practicado, se dicte sentencia sobre los méritos de las alegaciones y la prueba.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. O. M. Wood.*

Abogado del apelante: *Sr. Artemio P. Rodríguez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Trátase de decidir un recurso de apelación interpuesto en juicio de desahucio por el demandado José Oller Díaz contra sentencia que en 20 de octubre del año próximo pasado 1913, pronunció la Corte de Distrito de San Juan, Sección 1ª., ordenando fuera lanzado dicho demandado de la finca descrita en la demanda, con las costas a cargos del mismo.

Los hechos esenciales de la demanda, la cual está jurada, son en síntesis que el demandante Cornelius B. Parker es dueño del solar No. 201 de la finca "El Quinto" radicada en el barrio de Pájaros de Bayamón, cuyo solar se describe en la demanda; y que en 1°. de septiembre del año 1913 el demandado Oller Díaz, sin permiso del demandante o sin contrato alguno, entró en dicho solar y lo disfruta precariamente, sin pagar canon o merced, negándose a desalojarlo.

El demandado contestó la demanda bajo juramento, admitiendo que el demandante es dueño del solar de que se trata, pero negando que esté poseyéndolo sin título alguno, y por el contrario alega que desde el año 1905 viene ocupándolo en virtud de contrato de arrendamiento celebrado con los anteriores dueños de la finca, y ratificado por el demandante,

arrendamiento que verificó con el exclusivo objeto de construir en el solar, como construyó, una casa terrera, de maderas, techada de hierro galvanizado, que aún existe en el solar en perfectas condiciones, habiendo convenido con el demandante en el año de 1908, en pagarle la suma de $1 mensual por concepto de arrendamiento, cuyo contrato no ha sido rescindido ni anulado, sin que adeude cantidad alguna por cánones vencidos.

Celebrada la primera comparecencia de las partes en 14 de octubre de 1913, ambas presentaron pruebas documentales.

La prueba de la parte demandante consistió en la copia de una carta que había dirigido al demandado en 27 de agosto de 1913, y que éste admitió haber recibido, avisándole que necesitaba desde el 1º. de septiembre siguiente, el solar que ocupaba, y quedaba rescindido y revocado el permiso.

Las pruebas del demandado fueron las siguientes:

(*a*) Una certificación del Secretario de la Corte Municipal de Bayamón creditiva de que anteriormente, en 15 de julio de 1913, el hoy demandante Cornelius B. Parker había entablado ante dicha corte demanda de desahucio contra José Oller Díaz, por falta de pago del precio del arrendamiento del solar de que se trata que era de $2.50 desde 1º. de julio de 1911, habiendo pagado el demandado únicamente hasta la fecha de la demanda, las tres primeras mensualidades, demanda que fué declarada sin lugar.

(*b*) Tres tarjetas, expresivas de haber pagado el demandado al demandante por concepto de arrendamientos del solar las sumas de $2 hasta agosto de 1909, $3 hasta agosto de 1910 y $12 desde julio de 1910 a mayo de 1911.

Ambas partes ofrecieron prueba testifical y se señaló para la segunda comparecencia el día 20 de octubre de 1913; pero antes de que se entrara en la práctica de dicha prueba el demandante presentó una moción solicitando que se dictara sentencia a su favor por las alegaciones y pruebas, pues el demandado había admitido todas las alegaciones esenciales de la demanda, desde que confesó haber recibido el aviso de 27

de agosto de 1913 de que desde el 1º. de septiembre siguiente el demandante necesitaba el solar y quedaba rescindido y revocado el permiso. Con oposición del demandado la corte declaró con lugar la moción y pronunció sentencia en los términos al principio indicados a favor del demandante.

Opinamos que la corte cometió error declarando con lugar la expresada moción de la parte demandante y pronunciando sentencia en los términos en que lo hizo. El demandado Oller Díaz, al contestar la demanda, lejos de admitir la alegación principal de la parte demandante relativa a que ocupara el solar en precario, la negó abiertamente, alegando que poseía por título de arrendamiento, y esa alegación quedó corroborada por la copia de la carta que el demandante le dirigió en 27 de Agosto de 1913, expresiva de que necesitaba el solar desde 1º. de septiembre siguiente, y quedaba rescindido y revocado el permiso.

"* * * Una sentencia sobre los méritos de las alegaciones puede ser pronunciada en virtud de moción del demandante cuando las alegaciones esenciales de la demanda, que es suficiente en sí y juramentada en forma legal, no han sido específicamente impugnadas en la contestación, ni se ha aducido materia nueva constitutiva de oposición o defensa legal * * *."

*Horton et al.* v. *Robert,* 11 D. P. R., 176.

Esos requisitos no concurren en el presente caso, y por tanto es contraria a la anterior doctrina la sentencia apelada.

Y no cabe argüir que en virtud de la carta que ministró como prueba la parte demandante y que el demandado admitió haber recibido, quedó justificada la alegación del demandante de que el demandado poseía el solar en precario, pues aparte de que el segundo no aceptó por modo expreso que poseyera el solar en precario, resultaría decidido el caso no solamente por las alegaciones, sino también por las pruebas, y como la prueba testifical para cuya práctica se había seña-

lado el mismo día en que se presentó la moción, no llegó a practicarse, sin que la parte demandada hubiera renunciado a ella, tendríamos que tampoco pudo decidirse el caso por el mérito de las alegaciones y de las pruebas.

Por las razones expuestas procede se revoque la sentencia apelada, y se celebre un nuevo juicio.

> *Revocada la sentencia apelada ordenándose la*
> *celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.