ESTEBANÍA CARLO, CONOCIDA POR ESTEBANÍA FERRER, DEMANDANTE Y APELADA, v. FERRER, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre filiación y nuevo juicio.

No. 2108.—Resuelto en abril 23, 1920.

FILIACIÓN—PRUEBA DE LA FILIACIÓN—ERRORES NO PERJUDICIALES.—En el presente pleito se admitió, con la oposición del demandado, un diploma de octavo grado escolar expedido a favor de Estebanía Ferrer, la demandante, a los efectos de probar que el demandado había autorizado a la demandante para usar su apellido. *Se resolvió:* que aunque la admisión con tal propósito fué errónea, el error cometido, atendidas todas las circunstancias del caso, no podía estimarse como perjudicial y servir por tanto de fundamento para la revocación de la sentencia.

FILIACIÓN—REPUTACIÓN—PRUEBA DE.—En pleitos de filiación, es pertinente la prueba de la reputación de la madre de la alegada hija natural.

ALEGACIONES—CONTESTACIÓN—NEGACIÓN.—La simple manifestación de que el demandado no tiene suficiente información en cuanto a determinado hecho alegado bajo juramento en la demanda, no constituye una formal negación de tal hecho, el cual debe estimarse admitido.

NUEVO JUICIO—DESCUBRIMIENTO DE NUEVAS PRUEBAS—EXTREMOS VENTILADOS EN EL PLEITO.—No comete error la corte que niega una solicitud de nuevo juicio cuando no se demuestra cumplidamente la imposibilidad en que se estuvo para descubrir las nuevas pruebas en que se basa la solicitud y cuando tales pruebas se refieren a extremos ya ventilados en el pleito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Sabater.*

Abogados de la apelada: *Sres. Benet y Souffront.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó sentencia declarando con lugar la demanda origen de este pleito. El demandado solicitó un nuevo juicio y la corte de distrito negó la solicitud. La parte demandada apeló de la sentencia y de la orden denegatoria, elevando dos transcripciones distintas que se radicaron bajo los números 2108 y 2109, respectivamente. Ambos recursos se vieron en un solo acto y

las cuestiones en ellos levantadas se estudiarán y resolverán en esta opinión.

Estebanía Carlo, conocida por Estebanía Ferrer, ejercitó contra Esteban Ferrer la acción de filiación, alegando en su demanda, en resumen, que era hija natural del demandado y de Francisca Carlo. Contestó el demandado. Fué el pleito a juicio. Y la corte de distrito lo falló, como hemos dicho, en favor de la demandante. En su relación del caso y opinión la corte sentenciadora apreció el resultado de la evidencia, así:

"La prueba testifical y documental practicada por la demandante, demostró claramente a la corte, que Esteban Ferrer, el demandado, requirió de amores y vivió bajo el mismo techo teniendo contacto carnal con la madre de la demandante, Francisca Carlo, siendo ambos solteros y estando ésta reputada por pura; que de esta unión nació la demandante y que en el momento de la concepción tanto el demandado como Francisca Carlo estaban en actitud de contraer matrimonio sin dispensa. El propio demandado como prueba suya, confesó y admitió ante la corte que había tenido contacto carnal con la citada Francisca Carlo, en la época más o menos de la concepción de la demandante. Se probó además que el demandado había atendido diligentemente a Francisca Carlo durante la época del alumbramiento de la demandante y posterior y periódicamente atendió a la demandante en su subsistencia y educación y siempre la tuvo como hija suya. La prueba del demandado fué muy débil para sostener las negativas de sus alegaciones."

Sostiene la parte apelante en su alegato que la corte erró al apreciar la prueba, porque la evidencia presentada en este caso no fué la robusta y convincente que la jurisprudencia exige, para demostrar, de acuerdo con la ley reguladora del mismo, artículo 135 del Código Civil antiguo, que existía algún escrito indubitado del padre reconociendo expresamente su paternidad, o que la demandante se hallaba en la posesión contínua del estado de hija natural del padre demandado, justificada por actos directos del mismo padre o de su familia.

A nuestro juicio no se ha cometido el error señalado. He-

mos examinado las 21 declaraciones de los testigos presentados por la parte demandante y ellas constituyen prueba robusta y convincente de que la dicha demandante es hija natural del demandado y que éste por actos directos y repetidos la reconoció como tal, pudiendo afirmarse que la hija en este caso se hallaba en la posesión continua del estado de hija natural del padre demandado, como requiere la ley.

La prueba de la parte demandada tiende a contradecir la de la parte demandante. El propio demandado tomó la silla de testigos y negó la paternidad y trató de presentar a la madre de la demandante como una mujer que llevaba a la vez relaciones con varios hombres. La corte resolvió el conflicto en contra del demandado, sin que se haya demostrado que al actuar así procediera movida por pasión, prejuicio o parcialidad, y en tal virtud debe prevalecer su criterio.

Sostiene también la parte apelante en su alegato que la corte erró al admitir como prueba cierto diploma y al impedir que un testigo declarara sobre la reputación de la madre de la demandante. Procederemos al examen de ambas cuestiones.

La propia demandante declaró que siendo muy pequeña fué llevada a la escuela por su padre el demandado e inscrita con el nombre de Estebanía Ferrer, que con ese nombre continuó siempre y con tal nombre figuraba en el diploma que se le expidiera demostrativo de haber aprobado los ocho cursos de las escuelas graduadas de Puerto Rico, y entonces presentó y se introdujo como prueba el diploma. El demandado se opuso ''alegando que tal prueba no demuestra nada sobre el reconocimiento, puesto que aquí no se ha demostrado que sea Esteban Ferrer el que inscribiera a esa niña con ese nombre de Estebanía Ferrer.'' La corte admitió la prueba ''porque la testigo ha declarado, y otros testigos también, que el demandado autorizó a ella a usar su nombre y es una prueba de robustecer su declaración en ese sentido.'' Puede sostenerse que la corte erró al consignar, en el momento de la admisión, que el diploma era prueba de robustecer la de-

claración de la demandada en el sentido de que el demandado la autorizara a usar su apellido. El diploma era admisible simplemente para completar la declaración de la demandante a los efectos de demostrar que ella usaba el apellido Ferrer y como tal figuraba en la escuela y se le expidió el certificado. Pero no vemos que el error cometido fuera perjudicial. La corte no se refirió al diploma al dictar su resolución final y hay prueba abundante en los autos de los actos directos del demandado constitutivos del reconocimiento.

La segunda cuestión es como sigue: Declaraba el testigo Rafael Mangual y se le preguntó: ''¿En aquella época, cuál era la fama que tenía Pancha Carlo en la comunidad? El abogado del demandante se opuso alegando que no es material ni hay alegación especial con referencia a la fama. La corte declaró con lugar la oposición y el demandado tomó excepción.'' Continuó declarando el testigo y entonces sin objeción contestó: ''Lo que puedo decir es que era una muchacha muy bonita y que tenía muchísimos que estaban enamorados de ella, pero no puedo decir nada de ella; ella era muchacha porque era joven.''

Opinamos que en pleitos de esta naturaleza es pertinente la prueba de la reputación de la madre de la alegada hija natural. En este caso concreto en la demanda, que fué jurada, se alegó, en el primero de sus hechos, lo que sigue: ''1º. Que hacia el mes de mayo del año mil ochocientos noventa y seis la madre natural de esta demandante, Francisca Carlo, que era entonces pura y casta, fué requerida de amores bajo palabra de matrimonio, por el demandado, Esteban Ferrer que era entonces soltero, teniendo ambos contacto carnal y viviendo maritalmente bajo el mismo techo en esta ciudad de Mayagüez, y de cuya unión, en agosto cuatro del año mil ochocientos noventa y siete nació la demandante.'' En la contestación, también jurada, se dijo: ''Este demandado no tiene suficiente información y creencia en cuanto a aquella parte del contenido del párrafo primero de la de-

manda, de que Francisca Carlo, en la fecha que relata dicho
hecho, fuera casta y pura; y niega que requiriera de amores
en la referida época a dicha Francisca Carlo.''

El demandado debió haber negado, por falta de infor-
mación y creencia, la castidad y pureza de Francisca Carlo,
y no limitarse a decir que no tenía suficiente información y
creencia con respecto a ello. Tal como quedó planteado el
debate, puede sostenerse que el demandado admitió la cas-
tidad y pureza de la madre de la demandada en la época a
que se refiere el hecho 1º. de la demanda.

Pero aun aceptando que la demandante tuviera el deber
de probar tal extremo y el demandado el derecho de pre-
sentar evidencia en contrario y, por consiguiente, que la corte
hubiera cometido error al no permitir al testigo que con-
testara la pregunta de que se trata, tal error no podría es-
timarse como perjudicial porque el testigo en realidad con-
testó después todo lo que sabía y porque se permitió al pro-
pio demandado luego declarar ampliamente sobre el parti-
cular. La corte falló con pleno conocimiento de todo. Le-
yendo la transcripción, se observa que hubo una gran am-
plitud en la práctica de las pruebas en este caso.

El alegato presentado por la parte apelante en relación
con el nuevo juicio, es una copia del archivado en los autos
correspondientes a la apelación de la sentencia. Sólo se
amplía incluyendo en él los *affidavits* que se acompañaron a
la solicitud. Esta se basó en el descubrimiento de nuevas
pruebas y en la insuficiencia de las practicadas. La parte
demandante se opuso a la solicitud y acompañó también *affi-
davits* en contradicción de los presentados por el demandado.

No se demostró a nuestro juicio en forma debida la im-
posibilidad de encontrar las nuevas pruebas que se ofrecie-
ron, y tales pruebas se refieren a extremos que se ventila-
ron en el pleito. En cuanto a la insuficiencia de la prueba
practicada, ya hemos expresado nuestro criterio.

Bajo tales circunstancias opinamos que la corte de dis-
trito no cometió error alguno al negarse a conceder el nuevo

juicio y que su resolución debe ser confirmada, debiendo confirmarse también la sentencia recurrida.

> *Confirmada la sentencia apelada y la resolución negatoria de nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó: "conforme con la sentencia."