Porto Rico Benevolent Society, Demandante y Apelada, *v.* Municipio de Ponce et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en un pleito sobre interdicto de recobrar.

No. 2081.—Resuelto en julio 29, 1920.

Demanda Jurada—Contestación—Negación Insuficiente.—Las reglas sobre alegaciones, bajo nuestro sistema, tienen por objeto evitar evasivas y exigir la

negativa de cada alegación específica hecha en una demanda jurada en sustancia y en esencia, y no meramente una negativa de su veracidad absoluta; y siempre que el demandado deje de hacer tal negativa, él admite las alegaciones.

Injunction para Recobrar la Posesión—Posesión del Arrendatario como Posesión del Arrendador—Reversión de la Propiedad por Abandono del Uso Público.—Habiendo la demandante arrendado las propiedades que intenta recobrar ahora por medio de *injunction* y que el Comisionado de Sanidad se incautó y ocupó en noviembre 26, 1918, por razones de salud pública hasta el 28 de enero de 1919 en que tomó posesión de ellas el demandado, al ser abandonadas por la Sanidad, es preciso concluir que la demandante, por conducto de su arrendataria y por reversión a virtud de tal abandono, disfrutó de la posesión de las fincas hasta el 28 de enero de 1919, por lo que no es errónea la sentencia que declaró con lugar el *injunction.*

Id.—Apelaciones.—Es un principio bien establecido que un apelante no puede asumir en apelación una actitud que sea incompatible con la asumida en la corte inferior.

Id.—Alegaciones.—Las admisiones contenidas en una contestación subsanan cualquier defecto de que pudiera adolecer la demanda.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Brunet.*

Abogados del apelado: *Sres. J. Tous Soto* y *A. Ortiz Toro.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Los hechos declarados probados y la conclusión a que llegó la corte inferior son los siguientes:

"1. Que la demandante es una asociación sin fines pecuniarios constituída de acuerdo con las leyes de Puerto Rico y con capacidad para demandar y ser demandada; 2. Que la referida asociación por concesión del municipio de Ponce poseía realmente hasta el día 28 de enero de 1919 un solar ubicado en la ciudad de Ponce, con frente por el Sur a la calle de la Villa; por el Este con la prolongación de la calle del "25 de Enero," abierta recientemente; por el Norte con solares del municipio y por el Oeste con la calle "Industrial," conteniendo un edificio de madera destinado a escuela llamado "Escuela Industrial de Canas," y dos ranchones anexos destinados al mismo fin; 3. Que este solar y edificios fueron arrendados por la demandante a la Junta Escolar de Ponce, para ser dedicados a escuelas públicas y que a este fin venían dedicados hasta que el Departamento de Sanidad con motivo de la epidemia de influenza hacia el día 26 de noviembre de 1918 tomó posesión de los mismos para

dedicarlos a hospital; 4. Que al ser desocupado dicho edificio por el Departamento de Sanidad hacia el día 28 de enero de 1919 el Alcalde de Ponce, Rafael Rivera Esbrí, alegando que la demandante había perdido la concesión del solar que le había hecho el municipio y que los edificios por los términos de la concesión debían pasar a ser propiedad de la ciudad, se introdujo sin la voluntad de la demandante ni de la Junta Escolar de Ponce en el referido solar y edificios referidos e instaló en éstos un hospital para la asistencia de enfermos pobres. También aparece probado que ''después de haberse incautado el Alcalde de Ponce de la referida propiedad que se deja descrita ha venido desde entonces utilizándose como hospital para los enfermos pobres del municipio, y que el alcalde ha hecho reparaciones y·mejoras en los mencionados edificios ascendentes a más de $2,000 incluyendo mano de obra y materiales.'' La corte, vista la Ley No. 43 de marzo de 1913, ya citada, y vistos además los artículos 443, 446, 448 y 462 del Código Civil, y la doctrina de la honorable Corte Suprema de Puerto Rico en los casos: *Mattey* v. *Badillo,* 21 D. P. R. 171, y *Serrano* v. *Sucesión Santos,* 24 D. P. R. 175, es de opinión que debe dictarse en este caso una sentencia declarando que la ley y los hechos están a favor de la demandante, Porto Rico Benevolent Society y en contra de los demandados, Municipio de Ponce y Rafael Rivera Esbrí, alcalde, y en consecuencia que debe ordenar como ordena la· restitución a la demandante de su posesión en el solar y edificios objeto de este pleito, y que se describirán más adelante; decretando, como por la presente decreta, un *injunction* contra los demandados, municipio de Ponce y Rafael Rivera Esbrí, alcalde del mismo, sus empleados y agentes para que se abstengan en lo sucesivo de perturbar a la demandante, Porto Rico Benevolent Society en su posesión de la propiedad inmueble que se describe como sigue: 'Solar ubicado en la ciudad de Ponce con frente por el Sur a la calle de la ''Villa,'' por el Este con la prolongación de la calle de ''25 de Enero,'' abierta recientemente, por el Norte con solares del municipio y por el Oeste con la calle ''Industrial,'' conteniendo un edificio de madera destinado a escuela, llamada ''Escuela Industrial de Canas,'' y dos ranchones anexos destinados al mismo fin.—Apercibidos dichos demandados de que la desobediencia del *injunction* que por la presente se decreta, constituirá desacato a esta Corte. Y se reserva a los demandados cualquier derecho que tuvieren en lo que se refiere a reparaciones y mejoras hechas en la propiedad, para que lo ejerciten por la vía y forma co-

rrespondiente.   Todo ello con imposición de costas a los demandados.''

Los abogados de los apelantes, después de radicar un alegato, renunciaron la representación del caso, habiendo comparecido otro abogado que radicó un alegato adicional.

En el primer alegato se alegan como cometidos los siguientes errores:

1. La Corte de Distrito de Ponce erró al declarar probado el segundo de los *findings* que la asociación ''Porto Rico Benevolent Society'' poseyó el solar y edificios de referencia hasta el día 28 de enero de 1919, que es la época en que se incautó el Municipio de Ponce.

2. La Corte de Distrito de Ponce erró al considerar que al tomar posesión del solar y edificios de referencia, el Alcalde de Ponce, el 28 de enero de 1919, se perturbó con tal incautación la posesión de la asociación demandante, ''Porto Rico Benevolent Society,'' y ordenar en consecuencia que dicha asociación sea reintegrada en la posesión.

El segundo alegato no contiene señalamientos de error específicos, pero en él se sugiere que la demanda no determinaba hechos suficientes para constituir una causa de acción y que la sentencia no está sostenida por la prueba.

En el primer señalamiento los apelantes tratan de demostrar que habiendo tomado posesión el Departamento de Sanidad de los edificios en cuestión en noviembre 26 de 1918, la demandante perdió la posesión en esa fecha y habiendo entrado los apelantes en posesión del hospital inmediatamente después de ser desocupado por las autoridades insulares de sanidad en enero 28, tal ocupación por el municipio era una mera continuación en la posesión que tenía el Gobierno Insular; que esto aparece no solamente de la prueba sino de la demanda misma, en la cual se alegaba, entre otras cosas, ''que el ser desocupado dicho edificio por el Departamento de Sanidad hacia el día 28 de enero de 1919, el Alcalde de Ponce, Rafael Rivera Esbrí, alegando que la demandante

había perdido la concesión del solar que le había hecho el municipio y que los edificios por los términos de la concesión debían pasar a ser propiedad de la ciudad, se introdujo, contra la voluntad de la demandante y de la Junta Escolar de Ponce en el referido solar y edificios referidos e instaló en éstos un hospital para la asistencia de enfermos pobres.

El razonamiento bajo el segundo señalamiento de error es una repetición del hecho en el primero con ligeros cambios. La alegación es que el Departamento de Sanidad, de acuerdo con el artículo 4 de la ley de marzo 9 de 1911 (Compilación de los Estatutos Revisados § 967), tenía perfecto derecho a tomar posesión de la propiedad en cuestión; que la tenencia así adquirida era una posesión legal con exclusión de cualquier posesión, ya civil o natural (*constructive*) por parte de la sociedad demandante y que solamente puede utilizarse el interdicto de recobrar cuando está envuelto el hecho de la posesión a diferencia del derecho a dicha posesión.

En la demanda jurada se alega que la demandante es la dueña y que hasta enero 28 de 1919 estuvo en posesión de la propiedad descrita en la demanda.

Contestando a esta alegación en la contestación se dice lo siguiente:

"Negamos específicamente el hecho segundo de la demanda y añadimos en oposición al mismo que tanto el solar de referencia como los edificios en él contenidos son y eran del demandado, Municipio de Ponce desde hace muchos años, alegando especialmente que la demandante nunca ha tenido derecho alguno en el dominio ni ha sido dueña nunca del solar de referencia y que el demandado es dueño de los edificios contenidos en dicho solar desde hace varios años."

Es casi innecesario decir que el adverbio "específicamente" no convierte en negativa específica lo que claramente no es tal negativa.

"Si varios hechos esenciales se alegan conjuntamente en una demanda jurada, la contestación en la cual se pretende negar estas

alegaciones en totalidad presentadas conjuntamente, es evasiva y una admisión de la alegación que de tal modo se trata de negar. Las reglas sobre alegaciones, bajo nuestro sistema, tienen por objeto evitar evasivas y exigir la negativa de cada alegación específica hecha en una demanda jurada en sustancia y en esencia, y no meramente una negativa de su veracidad absoluta; y siempre que el demandado deje de hacer tal negativa, él admite las alegaciones.'' Pomeroy, p. 220, § 437.

Además, también se alega en la demanda que este solar y edificio fueron arrendados por la demandante a la Junta Escolar de Ponce para ser dedicados a escuelas públicas y que a este fin venían dedicados hasta que el Departamento de Sanidad, con motivo de la epidemia de influenza hacia el día 26 de noviembre de 1918, tomó posesión de los mismos para dedicarlos a hospital.

En la contestación se admite expresamente el hecho del arrendamiento a la junta escolar y la incautación por las autoridades de sanidad en la fecha mencionada, pero se niega que la demandante tuviera algún derecho a hacer tal contrato de arrendamiento y alega que el municipio tiene el dominio. El hecho es, pues, que la junta escolar poseía como arrendataria de la demandante y que como la posesión del arrendatario es la del arrendador, de aquí se sigue que la demandante estuvo en posesión hasta que fué privada de la misma por el Departamento de Sanidad.

El artículo 4 de la ley para proveer a Puerto Rico de una Ley de Sanidad, aprobada en marzo 9 de 1911, al hablar del director de sanidad prescribe que ''tendrá facultades para ordenar la traslación, a los sitios que determinare la Junta Insular de Sanidad, de todas las personas que padezcan enfermedades contagiosas o infecciosas, o cualquier otra dolencia de propagación rápida en la forma que se prescribiere hasta que el peligro del contagio hubiera desaparecido. Tendrá a su cargo la inmediata dirección e inspección de hospitales para el tratamiento de casos sujetos a cuarentena y tendrá el derecho de convertir en hospitales provisionales las

casas y edificios que se necesitaren, no siendo obstáculo para ello la indemnización que hubiera de pagarse al dueño de la propiedad, debiendo fijarse dicha indemnización en la forma que la ley dispone para esos casos.''

Tales estatutos se interpretan estrictamente y no se permite que confieran más derecho que el que ha sido expresamente autorizado, o pueda ser necesario para el fin público que se persigue. *Neitzel* v. *Spokane International Railway Co.*, 36 L. R. A. (N. S.) 522.

Indudablemente que la ley arriba citada solo autoriza la ocupación temporal como medida de emergencia. Unicamente la existencia de tal emergencia podrá justificar la incautación o impedir que la propiedad pase inmediatamente a su dueño por virtud de un procedimiento de esta clase. La incautación es una medida ''provisional'' para solucionar una necesidad momentánea. Todo derecho, condición, servidumbre o interés que se adquiere por virtud de tal uso termina cuando la emergencia ha cesado; la propiedad vuelve a pasar al dueño y si entonces el director de sanidad se negara a desocupar, se convertiría en un mero usurpador. Si él, en tales circunstancias, entregó la propiedad al municipio, lo que no hizo, no vemos cómo podría haber puesto al municipio en mejor condición que la que él mismo disfrutaba.

En el caso de *Porter* v. *International Bridge Company*, 21 Am. & Eng. Ann. Cases 684, la corte dijo lo siguiente:

''Los primitivos dueños concedieron un derecho de servidumbre a la ciudad. La ciudad había renunciado ese derecho y traspasó la propiedad a terceras personas. Cuando el derecho fué de tal modo y en realidad abandonado, los derechos de los primitivos dueños vinieron a quedar entonces precisamente como estaban antes de la dedicación. Ellos o sus sucesores en derecho pudieron luego disponer de ella como dueños absolutos y fueron perjudicados por la ocupación en precario del terreno por la compañía de puentes y ferrocarriles. Ellos tratan en efecto por medio de esta acción de poner término a tal usurpación continuada a no ser que los usurpadores adquieran su título pagando un precio equitativo.''

Véase también la nota al caso de *Bell* v. *Mattoon Water-works Co.,* 19 Am. Cases 155; *Markham* v. *Brown,* 92 Am. Dec. 73; *Jessop* v. *Loucks,* 55 Pa. 350; *Marietta Chair Co.* v. *Henderson,* 21 Ga. 399.

Pero no solamente se puso el municipio en el lugar de las autoridades sanitarias. El alcalde, sin alegar siquiera ninguna facultad conferida por el estatuto y después de cerrado el hospital provisional, simplemente procedió a incautarse de los edificios desocupados y abandonados por el Departamento de Sanidad. El municipio no tenía más derecho ni autoridad para hacer esto en la forma en que lo hizo que el que tendría cualquier médico en ejercicio que necesitare un sanatorio particular para atender a sus enfermos. En vista de las circunstancias no estamos dispuestos a entrar en discusiones sobre distinciones sutiles entre la posesión y el derecho a la posesión en procedimientos de la clase a que ha recurrido la demandante en este caso.

La teoría sustentada en el alegato adicional respecto a la supuesta falta de hechos es que la demanda no alega la ratificación o aprobación por el concejo municipal de la acción tomada por el alcalde y que tal acción parece estar fuera de sus atribuciones (*ultra vires*). Este argumento no es muy compatible con la alegación que en el mismo alegato se hace de que el alcalde actuó a nombre del municipio, tratando de poner en vigor la cancelación de la primitiva concesión hecha por el municipio a la demandante, y que la demandante está impedida por sus actos de poder negar el alegado derecho del municipio. La alegación es también incompatible con la actitud de los apelantes en cuanto a otras cosas que no es necesario nombrar y que se discuten en otras partes del mismo alegato. Es, asimismo contraria a la teoría de la defensa como consta en la contestación y a la teoría por virtud de la cual el caso fué juzgado en la corte inferior. Es ley muy conocida que un apelante no puede asumir en apelación una actitud que sea incompatible con la asumida en la corte inferior. Será bastante con decir que el municipio compareció

y se defendió en la acción contra él establecida y que las admisiones contenidas en la contestación subsanaron cualesquiera defectos de que pudiera adolecer la demanda en este sentido.

El razonamiento relativo a la suficiencia de la prueba en tanto no quede resuelto por lo que ya hemos dicho envuelve una discusión de la alegada cancelación de la concesión original arriba citada, pasando entonces a discutir la validez del título por virtud del cual reclama la demandante, y no requiere seria consideración en un procedimiento de esta naturaleza.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.