Antonsanti & La Costa, demandante y apelante, *v.* Sucn. de Dña. Ana Axtmayer, compuesta de Rosa, Simón, Joseph, Charles y Henry Axtmayer, demandados y apelados.

No. 4423.—*Visto:* Mayo 31, 1928. *Resuelto:* Noviembre 13, 1928.

*Dubón & Ochoteco,* abogados de la apelante; *Á. Quintana Cajas,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La sociedad profesional Antonsanti & La Costa, constituida por los abogados F. Antonsanti y Ricardo La Costa, con oficinas en San Juan, P. R., demandó a la Sucesión de doña Ana Axtmayer, compuesta por sus hijos legítimos Rosa, Simón, Joseph, Charles y Henry Axtmayer, para el pago de servicios profesionales prestados a doña Ana, causante de la sucesión.

Es forzoso copiar la demanda que ante la Corte de Distrito de San Juan presentó la aquí apelante. Es como sigue:

"Comparece la sociedad demandante Antonsanti & La Costa por conducto de sus abogados que suscriben y respetuosamente exponen:

"1.—Que la demandante es una sociedad profesional, compuesta de sus socios Lcdo. Frank Antonsanti, mayor de edad, soltero, abogado, y vecino de San Juan y el Lcdo. Ricardo La Costa Jr., casado, mayor de edad, abogado y de la misma vecindad, dedicada dicha sociedad profesional al ejercicio de la abogacía, siendo sus socios anteriormente mencionados abogados admitidos a postular ante los tribunales de esta isla, siendo los demandados mayores de edad, propietarios y vecinos de San Juan y los únicos componentes y únicos herederos de doña Anna Axtmayer, quien falleció el día 24 de mayo de 1926.

"2.—Que allá por uno de los días del mes de febrero de 1926, doña Anna Axtmayer requirió a la sociedad profesional demandante Antonsanti & La Costa para que ésta le prestara sus servi-

cios profesionales en el caso civil número 958 de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, titulado 'Amy B. Macatee', Peticionaria, vs. 'Dr. Diego Biascochea, haciendo negocios bajo el nombre de Clínica Miramar, y doña Anna Axtmayer', demandados, procediendo dicha sociedad profesional ahora demandante y respondiendo a los requerimientos de la susodicha doña Anna Axtmayer a prestarle a ésta los citados servicios profesionales en dicho caso hasta la terminación del mismo ante dicha Corte de Distrito de San Juan, habiendo sido prestados los aludidos servicios profesionales por los comparecientes a entera satisfacción de la citada doña Anna Axtmayer.

"3.—Que durante todo el transcurso del citado pleito civil número 958 de la Corte de Distrito del Distrito Judicial de San Juan, la sociedad profesional demandante actuó como defensora de doña Anna Axtmayer y así como también como consejera y consultora de dicha señora.

"4.—Que al contratar los citados servicios profesionales de la demandante con la sociedad Antonsanti & La Costa, dicha señora y la sociedad compareciente no estipularon la cuantía que había de recibir la demandante de la aludida doña Anna Axtmayer en pago de tales servicios profesionales.

"5.—Que el valor razonable de los servicios profesionales prestados por la compareciente a doña Anna Axtmayer, en el citado caso civil número 958 de la Corte de Distrito del Distrito Judicial de San Juan, es la suma de $800.00, habiendo estado dispuesta la señora doña Anna Axtmayer a requerimiento de la demandante a satisfacerle a éste dicha suma por el concepto anteriormente expresado, lo que no hizo por haber fallecido la referida señora Anna Axtmayer, el día 24 de mayo de 1926.

"6.—Que no obstante los requerimientos y gestiones de la demandante a las ahora demandadas éstos se han negado a satisfacer a la compareciente la citada suma de $800.00, estando por tanto la misma pendiente de pago por dicha sucesión demandada."

La contestación presentada por la sucesión de Doña Anna Axtmayer es como sigue:

"Comparece ahora la Sucesión demandada, formada por las personas arriba mencionadas, por su abogado que suscribe, y formula contra la demanda la contestación siguiente:

"1.—Acepta el hecho primero de la demanda.

"2.—En cuanto al hecho segundo de la demanda, acepta que el

abogado Sr. Frank Antonsanti representó a doña Anna Axtmayer ante la Corte de Distrito del Distrito Judicial de San Juan, P. R., en el caso civil número 958, pero niega los demás extremos de dicho hecho segundo, por falta de información y creencia.

"3.—Por falta de información y creencia niega el hecho tercero de la demanda. .

"4.—También por falta de información y creencia niega el hecho cuarto de la demanda.

"5.—Niega el hecho quinto de la demanda por falta de información y creencia.

"6.—En cuanto al hecho sexto de la demanda, acepta la parte demandada ahora compareciente, que la demandante requirió el . pago de la suma reclamada por los indicados servicios, a la parte demandada, pero no por la cantidad reclamada en la demanda y sí solamente por la suma de quinientos dollars.

"Defensa Especial.—Como materia nueva y en oposición a la demanda, la demandada alega, que la demandante le exigió por los servicios que alega prestó a la causante de la demandada, o sucesión demandada, la suma de quinientos dollars, solamente, y que dicha suma es sumamente excesiva, en atención a los servicios prestados por la demandante, en el caso antes indicado, cuyos servicios, según el mejor saber y entender de la sucesión demandada y por información y creencia, no fueron todo lo eficientes que el caso demandaba."

La demandante, en la vista del caso, presentó una moción para que se dictara sentencia sobre las alegaciones, fundándose en que, al contestar, no había la demandada formulado una oposición a la demanda en la manera que determina el Código de Enjuiciamiento Civil; y alegó oralmente que los hechos alegados en la demanda no se hallaban debidamente controvertidos en la contestación; la demandada se opuso a la moción, quedando pendiente de resolución; las partes convinieron en practicar la prueba, a reserva de lo que se resolviera en cuanto a dicha moción; y practicada la que se ofreció, la corte dictó sentencia, declarando que, como los demandados habían aducido materia nueva constitutiva de oposición, no procedía dictar sentencia sobre las alegaciones; y resolviendo el caso en sus méritos, condenó a la demandada

a pagar a la demandante cuatrocientos dollars por sus servicios profesionales, y las costas del pleito.

Contra la sentencia ha apelado la parte demandante, que en su alegato señala un solo error, en esta forma:

"La Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, cometió error manifiesto al declarar sin lugar la moción presentada por la demandante apelante solicitando sentencia sobre las alegaciones."

Los extremos sobre que versa la argumentación en este caso, son varios.

■ Se discute en primer lugar que siendo la demanda jurada, y lo mismo la contestación, las negaciones presentadas en ésta no pueden ser eficaces, por no ser específicas.

Verdaderamente, el artículo 110 de nuestro Código de Enjuiciamiento Civil, exige, que, si se jura la demanda, la negación de *cada alegación impugnada* (itálicas nuestras) sea específica. Y en la decisión en el caso *Boyer* v. *Consejo de Administración de Guayama,* 34 D.P.R. 21, este tribunal ha dicho:

"Como la petición era jurada en este caso y el demandado formuló una contestación, esta última, si procede, debió haber contenido una negativa de cada alegación. En vez de esto, la contestación expresaba lo siguiente: 1—Que niega el hecho primero de la petición. 2—Que acepta el hecho segundo de la petición. 3—Que niega el hecho cuarto de la petición, etc."

Y luego, dice:

"De conformidad con el artículo 110 del Código de Enjuiciamiento Civil es cada alegación la que debe ser específicamente negada, y no todo el párrafo negado en conjunto. Por eso la contestación deja en pie la petición."

Esta decisión sería por sí sola suficiente por lo que respecta a las contestaciones en cuanto a los párrafos o alegaciones números tercero, cuarto y quinto de la demanda. Aparte de que es sumamente extraña la situación en que se coloca una parte que admite, en su defensa especial, la pres-

tación de servicios, al decir: ".... .que dicha suma es sumamente excesiva, en atención a los servicios prestados por la demandante, en el caso antes indicado. . ." Puede, al mismo tiempo, y por vía de contestación, y por falta de información y creencia, negar la prestación de tales servicios, que se aduce en el tercer hecho o alegación de la demanda.

Las alegaciones de los números tercero, cuarto y quinto (III, IV y V) de la demanda no han sido negadas en forma específica, de acuerdo con el artículo 110 del Código de Enjuiciamiento Civil; y esa falta de negación deja en pie tales alegaciones.

Pero la más discutida de esas alegaciones es la que aparece bajo el ordinal VI en la demanda. . Como se ve de la copia que de ella se deja hecha en esta opinión se alega que, a pesar de los requerimientos y gestiones de la demandante, los demandados no le han pagado la suma de $800, que queda pendiente.

¿Cómo contesta la sucesión demandada esta alegación? Queda copiada la contestación. De los hechos alegados en este número de la demanda no se niega más que el montante de la suma reclamada, estableciéndose en la contestación que ésta fué de quinientos dollars, y se admite la existencia de los requerimientos. Ciertamente, ésta no es la mejor forma de negar la alegación. Pero examinando con cuidado la alegación de la demanda y la de la contestación, no puede decirse que la primera sea esencial, ni lo sea la segunda. En aquélla se establece el hecho de los requerimientos y gestiones; en la contestación, se admite que hubo tales requerimientos, pero por menos cantidad. Pero el hecho esencial del valor de los servicios, no se encuentra en la alegación VI, sino en las que la preceden, o sea en las números IV y V, especialmente en esta última.

██ Aunque la demandante hubiera pedido por sus servicios una cantidad menor de $800, como no se le pagaron, pudo en el caso de reclamación judicial, estimarlos en otra

forma. Así se ha mantenido por la jurisprudencia de este tribunal en el caso *Hamilton* v. *Boerman,* 35 D.P.R. 542, condicionándose la doctrina con la circunstancia de que la cantidad reclamada no sea extravagante o manifiestamente improcedente.

En este caso encontramos que se ha alegado que los servicios se prestaron, que valían $800, y que doña Anna Axtmayer estaba dispuesta a satisfacer a la demandante esa cantidad. Más que una acción para cobro de servicios profesionales, pudo ésta llamarse y ser una acción para cumplimiento de contrato. Esos hechos que acabamos de citar, no tienen en frente una negación formal, de acuerdo con el artículo 110 del Código de Enjuiciamiento Civil.

■ La sucesión demandada propuso como materia nueva y de oposición a la demanda, que la demandante pidió por sus servicios $500, pero que esta suma era execesiva, y que los servicios prestados por la demandante no habían sido todo lo eficaces que el caso demandaba.

No puede sostenerse la teoría de que los honorarios de un profesional dependan exclusivamente de su éxito en el caso en que los presta. El profesional da su esfuerzo intelectual, su actividad y su trabajo, al servicio de su cliente; él no resuelve por sí solo el problema que se le presenta, ya que la naturaleza, en unos casos, o el juicio de un tercero en otros, dicen la última palabra para la solución. Su estudio, su actividad, su esfuerzo, son objeto de la remuneración; el éxito no se paga en forma de honorarios.

■■ Pero el extremo de más importancia a estudiar y resolver, es si la llamada "Defensa especial", es, como en la contestación se dice, *materia nueva,* o no lo es.

En el caso *González* v. *González Ramos,* 35 D.P.R. 702 *et seq.,* este tribunal ha citado la definición que de "materia nueva" aparece en la obra de Estee, sobre procedimiento civil, y que a los fines de esta opinión se da por reproducida.

Por la jurisprudencia de California, se ha declarado lo que sigue:

"Materia nueva es aquella que admite que la causa de acción alegada en la demanda existió una vez, pero al mismo tiempo la controvierte, o sea, demuestra que ha dejado de existir, como por ejemplo, cuando se trata de un caso en que ha habido una condonación de deuda o una cabal carta de pago; es materia que surge con posterioridad al origen de la causa de acción, y que el demandado debe alegar y establecer afirmativamente; pero ocurre lo contrario cuando se trata de materia que demuestra que una causa de acción no existía cuando la acción se inició, que tiene por objeto probar que no había surgido causa de acción cuando se entabló el pleito, lo que según el derecho común podía probarse bajo una alegación general, y la materia nueva, de acuerdo con los estrictos principios originales del derecho común, no era admisible bajo la alegación general, como tampoco lo era bajo el sistema establecido por el código. Landis vs. Morrissey, 69 Cal. 83; 10 Pac. 258.

Bastan estas citas para fijar la verdadera definición de la materia nueva, y los requisitos necesarios para alegarla. Y con arreglo a ellas, no puede decirse que sea materia nueva la bajo tal nombre alegada por la parte demandada. No se admite que la cantidad de $800 fuera la justa y razonable compensación de los servicios, y sobre esa admisión se alega cualquier hecho que sea realmente propio de materia nueva (release and accord and satisfaction, como se dice en el caso *Landis* v. *Morrissey, supra*); o no se admite que doña Anna Axtmayer estuviera dispuesta a pagar tal suma, y existió después un hecho o circunstancia que originara otra resolución distinta. No es materia nueva la así alegada. Y en tales condiciones, no puede satisfacernos la razón aducida para denegar la sentencia sobre las alegaciones.

Pero, en una opinión y decisión de este mismo tribunal, en el caso *Horton et al.,* v. *Robert,* 11 D.P.R. 176, *et seq.,* encontramos materia de estudio para aplicar al caso presente. En esa opinión se cita el caso *Fitzgerald* v. *Neustadt,* 91 Cal. 602, y se dice:

"Pero en el caso de *Fitzgerald* vs. *Neustadt*, se decidió por la Corte Suprema de California, que las mociones solicitando sentencias en virtud de los méritos de las alegaciones, podían ser concedidas o desestimadas a discreción de la corte y la misma corte ha decidido en otros casos, que la ambigüedad de una alegación no constituía por sí sola causa suficiente para justificar tal sentencia, y puesto que la decisión es discrecional en la corte sentenciadora, no se revocará por la corte de apelación la resolución del tribunal inferior, negándose a dictar sentencia en virtud de los méritos de las alegaciones; a menos que se demuestre que la corte ha abusado del poder discrecional concedídole; no siendo así, la decisión de la corte sentenciadora será sostenida. Siendo ésta la tendencia de las autoridades en California, y no habiendo en esta isla, como tampoco en aquel Estado, una ley que directamente determine tal procedimiento, no podemos hallar en esta causa un abuso del poder judicial por parte de la corte sentenciadora que justificaría la revocación de la orden del tribunal inferior desestimando tal moción; y por esta razón rehusamos modificar la orden de la corte denegando la moción de los demandantes. (Fitzgerald vs. Neustadt, 91 Cal. 602)."

Es de la discreción de la corte la concesión o desestimación de estas mociones para que se dicte sentencia en virtud de los méritos de las alegaciones. En este caso no se ha alegado abuso de tal discreción.

No entendemos que la apelante tenga una posición sólida en un caso en el que, después de presentar la moción de sentencia sobre las alegaciones, convenga en ofrecer y practicar la prueba del caso sin perder en su primitiva moción. Pero este extremo no requiere resolución en el caso presente.

*Por las razones expuestas, debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.