MANUEL VALDÉS NADAL y su esposa MANUELA CABRELO MANZANO, demandantes y apelados, *v.* SUCESIÓN DE RAFAEL GANDÍA CÓRDOVA, compuesta de sus hijos AMPARO, ANGEL, RAFAEL, CARLOS, VIDAL y JESÚS GANDÍA SANTOS, demandados y apelantes.

No. 5042.—*Sometido:* Febrero 21, 1930. *Resuelto:* Noviembre 21, 1930.

*José E. Díaz,* abogado de los apelantes; *Víctor J. Vidal González* y *José S. Rodríguez Cebollero,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En la demanda en este caso, se alegó, en resumen, lo que. sigue:

Hechos 1 y 2, relativos a las partes. 3. Que el demandante es dueño de cierta finca rústica, situada en Manatí, que describe debidamente. 4. Que los demandantes vienen en posesión de la finca desde que la adquirieron en 1914. 5. Que debido a continuos disgustos personales tenidos con un convecino, y no pudiendo el demandante, por su padecimiento físico, prestar atención a la finca trasladándose a ella, se puso de acuerdo con Don Rafael Gandía Córdova, su amigo, su consejero, y persona de insuperable honorabilidad, conviniéndose entre ambos, en que el título se traspasara a Gandía, quedando a elección de los demandantes la fecha en que volviera a traspasarse a sus nombres, y, cumpliendo lo acordado, el 20 de febrero de 1925, se otorgó la escritura pública consiguiente, pero continuando los demandantes en posesión y disfrute de la finca, satisfaciendo las contribuciones que continuaron a nombre de la Sucesión de Severo Valdés, su causante. 6. Que en junio de 1925, se pactó entre los demandantes y Don Pedro Zorilla, el arrendamiento de una parte de la finca, y con intervención de Gandía, por figurar a su nombre el título, se segregó la porción, se arrendó por término de ocho años y canon mensual de $7.80 que el arrendatario paga al demandante Valdés. 7. Que en varias ocasiones Valdés y Gandía trataron del nuevo traspaso, pero dada la confianza que existía entre ellos no le dieron importancia al asunto y bajo tales circunstancias en marzo de 1926, falleció Gandía. 8. Que después del fallecimiento, Valdés se dirigió a la Sucesión demandada, le hizo saber que la finca era de su propiedad aun cuando el título figurara a nombre

de Gandía y la requirió para que le otorgaran escritura de traspaso, negándose a ello la sucesión. 9. Que el traspaso de los esposos demandantes a Gandía fué puramente convencional, sin condiciones que obligaran a ello. 10. Que en el traspaso figuran mil cien dólares como recibidos de Gandía, no siendo cierto el recibo. 11. Que los demandados Amparo, Angel, Rafael, Carlos, Vidal y Jesús Gandía, componentes de la sucesión demandada, son hijos reconocidos de Rafael Gandía Córdova y como tales fueron declarados sus herederos, habiendo tácitamente aceptado su herencia.

La demanda termina suplicando que se declare que la finca en cuestión es propiedad del demandante y se condene a los demandados a otorgar escritura de venta a su favor y si no lo hicieren que la otorgue el márshal a su nombre. La demanda está jurada por ambos demandantes, en un solo acto, ante el Juez de Paz de Manatí.

Los demandados excepcionaron la demanda, y, además, la contestaron bajo juramento, así:

"A. Que admiten los hechos primero y segundo de la demanda.

"B. Que niegan por falta de información bastante, el hecho tercero de la demanda.

"C. Que niegan asimismo, por falta de información suficiente, el hecho cuarto de la expresada demanda.

"D. Niegan los demandados por falta de información bastante el hecho quinto de la demanda.

"E. Niegan los demandados por falta de información bastante, el hecho sexto de la demanda.

"F. Los demandados niegan también por carecer de información suficiente, el hecho séptimo de la demanda.

"G. Niegan los demandados por falta de información bastante el hecho octavo; afirmando en contrario que, los demandantes no hicieron saber a los demandados que la finca que se describe en el hecho tercero de la demanda fuese de su exclusiva pertenencia.

"H. Niegan los demandados asimismo, que la venta hecha de dicha finca a don Rafael Gandía Córdova, fuese simulada y convencional, habiendo sido la misma real y efectiva.

"I. Los demandados admiten el último hecho alegado en la demanda, en cuanto que son hijos reconocidos del causante Rafael Gan-

día Córdova, negando que hayan aceptado en manera alguna la herencia remanecida al fallecimiento de dicho causante.

"COMO MATERIA DE DEFENSA, los demandados alegan:

"Que los demandantes, hace algún tiempo, vendieron al causante, Rafael Gandía Córdova, la finca descrita en el hecho tercero de la demanda, por precio recibido, según confesaron los demandantes, en documento público."

La excepción fué declarada sin lugar y solicitada sentencia sobre las alegaciones por la parte demandante la corte declaró que procedía. La parte demandada solicitó que se le permitiera enmendar su contestación y la corte le concedió un término de cinco días para presentar autoridades en apoyo de su solicitud. Transcurrió el término sin que el memorándum fuera presentado y la corte ordenó el registro de sentencia final favorable al demandante. No conforme la demandada interpuso esta apelación. Asigna cuatro errores cometidos, a su juicio, por la corte, 1, al decidir que la demanda aducía hechos suficientes para determinar una causa de acción; 2, al estimar que la demanda estaba debidamente jurada; 3, al dictar sentencia sobre las alegaciones, y 4, al declarar sin lugar la excepción previa.

Examinemos el primer error.

■■ Argumentándolo sostiene la parte apelante que la demanda no aduce hechos suficientes porque no revela la existencia de un contrato, citando el caso de *González Rodríguez* v. *Fumero,* 38 D.P.R. 556, en la parte que dice:

"Cuando la prueba demuestra que no hubo entrega de precio por el supuesto comprador y no salieron los bienes del poder del supuesto vendedor, no puede afirmarse que hubo contrato de compraventa, sino que no hubo contrato alguno."

El caso de *González Rodríguez* v. *Fumero, supra,* es distinto al presente. Allí los demandantes reclamaron basándose en que los traspasos hechos por su causante eran simulados y el demandado contestó que no había existido la simulación. La contienda quedó trabada de tal modo. Fué a juicio y basándose en la prueba practicada la corte falló

a favor de los demandantes declarando que las ventas otorgadas por su causante eran inexistentes por simuladas, que no se celebró contrato válido alguno y por tanto que el demandado nada adquirió permaneciendo el título en la parte demandante.

Aquí nos encontramos frente a la demanda solamente. En ella se alega, es cierto, la simulación, pero en ella se alega, además, que Gandía convino en traspasar de nuevo el título a los demandantes en la fecha en que éstos lo solicitaran, y lo que se pide a la corte que ordene a los herederos de Gandía es que cumplan la obligación de su causante que se han negado privadamente a cumplir.

No cometió, pues, la corte el primero de los errores que se le atribuyen. Tampoco el segundo.

La demanda está debidamente jurada. De acuerdo con la ley los jueces de paz tienen autoridad para recibir juramentos y el hecho de que ambos demandantes, que son marido y mujer, aparezcan jurando a la vez, no convierte el juramento en nulo. La parte apelante no cita ley ni jurisprudencia alguna en apoyo de su contención.

█ Todo lo que se dice en el alegato de la parte apelante argumentando el tercer error, es lo que sigue:

"Si como dejamos consignado anteriormente en el segundo error, la demanda enmendada está sin jurar, la contestación de los demandados, desde luego, no necesita estar jurada, siendo un manifiesto error el cometido por el Tribunal sentenciador al dictar sentencia en la forma y manera como lo hizo, cometiendo el error apuntado."

Nada deberíamos agregar. Sólo puede interpretarse la posición del apelante en el sentido de subordinar el tercero a la existencia del segundo error. Si el segundo no existe, esto es, si la demanda está debidamente jurada, parece que él admite la procedencia de la sentencia sobre las alegaciones por no haberse contestado de la manera específica que la ley y la jurisprudencia exigen.

De todos modos parece conveniente decir que a nuestro

juicio, tal como se formuló la contestación, quedaron admitidos los hechos esenciales de la demanda jurada, y que, por tanto, no erró la corte de distrito al dictar sentencia sobre las alegaciones favorables ʲal demandante. Parece conveniente transcribir lo que sigue de la opinión del juez sentenciador:

"El artículo 110 del Cód. de Enj. Civil dispone que si se jura la demanda, la negación de cada alegación impugnada deberá ser específica y hacerse por afirmación absoluta o ʲsegún información o creencia del demandado.

"La contestación admite los hechos primero y segundo. Y los hechos tercero, cuarto, quinto, sexto y séptimo de la demanda los niega por falta de información suficiente. Como esas alegaciones no han ʲsido negadas en forma específica de acuerdo con el Art. 110 del Cod. de Enj. Civil esa falta de negación deja en pie tales alegaciones. *Antonsanti* v. *Axtmayer*, 38 D.P.R. 782. La alegación octava de la demanda es negada por afirmación, y se alega en contrario que los demandantes no hicieron saber a los demandados que la finca que se describe fuera de su exclusiva pertenencia, pero no niega el otro extremo de eʲsa misma alegación de que el demandante 'les requirió para que le otorgasen la escritura de traspaso a ellos y a los demandantes, a lo que se negaron, sin razones legales para ello.' Cuando un párrafo de una petición contiene más de una alegación de hechos, cada alegación debe ser negada separadamente. *Boyer* v. *Guayama*, 34 D.P.R. 21. La alegación (*h*) de la conteʲstación que se refiere, aunque no expresamente, a la alegación 9ª. de la demanda es asimismo una admisión, ya que fué admitida en la forma que hemos expresado más arriba la alegación 5ª. de la demanda. Y la materia de defensa alegada, no es ̇otra cosa que una reproducción de la alegación (*h*) de la contestación que ya hemos estudiado.

"Examinada en conjunto la contestación encontramoʲs que ella no es la alegación que la ley requiere cuando la demanda es una que se formula bajo juramento. Horton v. Robert, 11 ʲD.P.R. 176; Parker v. Oller, 21 D.P.R. 138; Delaney v. Blondet, 22 D.P.R. 235; Benevolence ʲSociety v. Ponce, 28 D.Ṗ.R. 824; Carlo v. Ferrer, 28 D.P.R. 369; González v. González, 35 D.P.R. 702."

El cuarto error señalado, según expresa la propia parte apelante, está comprendido en el primero. Al estudiar éste resolvimos que la demanda aducía hechos suficientes, luego

es necesario concluir que la excepción fué debidamente declarada sin lugar y que el error no existe.

*Debe confirmarse la sentencia recurrida.*