THE ROYAL BANK OF CANADA, demandante y apelado, *v.* JAMES B. FAGOTHEY, demandado y apelante.

Núm. 8374.—*Sometido:* Junio 24, 1941.—*Resuelto:* Junio 27, 1941.

*Santiago de la Fuente,* abogado del apelante; *Brown, González & Newsom* y *E. Córdova Díaz,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

The Royal Bank of Canada interpuso demanda jurada ante la Corte de Distrito de San Juan, para el cobro de un pagaré otorgado a su favor por el demandado James Fagothey. En la demanda se copia íntegramente el documento.

El día 12 de noviembre de 1940, la corte inferior desestimó la excepción previa a la demanda y concedió al demandado diez días para contestar. En diciembre 18 de 1940, el demandado radicó una moción en la que alegó que necesitaba inspeccionar el documento en que se basa la demanda y un término razonable después de haberlo inspeccionado para contestar; y pidió "que se dicte una orden dirigida al demandante en este caso para que deje bajo la custodia del secretario de esta Hon. Corte el alegado documento en que se funda la demanda en este caso por un período de cinco días para ser inspeccionado por el demandado." Solicitó además una prórroga de 15 días para contestar.

La corte inferior, ateniéndose a lo dispuesto en el artículo 314 del Código de Enjuiciamiento Civil (ed. 1933), dictó una resolución por la que "se ordena al demandante que tan pronto sea notificado de esta orden *permita* al demandado inspeccionar el referido pagaré; concediéndose al demandado una última prórroga de diez (10) días para contestar la demanda."

En diciembre 28, 1940, el demandado se dirigió por escrito a la corte, informándole "que son las once y media de la mañana de hoy sábado 28 de diciembre de 1940, y el demandante aún no ha accedido a la inspección solicitada" y que "el demandado se ha visto precisado a preparar y ra-

dicar su contestación sin haber tenido la oportunidad de inspeccionar el referido documento.''

La contestación del demandado, radicada el 28 de diciembre de 1940, no está jurada. En ella se niegan los hechos esenciales de la demanda, y en el párrafo segundo se dice:

''SEGUNDO.—En relación con el párrafo segundo de la demanda, por falta de información y creencia, niega que suscribió y entregó el pagaré que se copia en dicho párrafo, ni ningún otro pagaré, ni que el demandante sea el tenedor del mismo ni de ningún otro.''

En marzo 11, 1941, la corte inferior, a moción del demandante, dictó sentencia sobre las alegaciones y condenó al demandado al pago de $1,000 de principal, con intereses al 7 por ciento hasta su completo pago, más las costas y $100 para honorarios de abogado. Es contra esa sentencia que el demandado ha interpuesto el presente recurso, cuya desestimación solicita el demandante por considerar que el mismo es frívolo y ha sido interpuesto con el propósito de demorar el cobro de la sentencia.

 La frivolidad del recurso es evidente. Habiendo sido jurada la demanda, y no apareciendo jurada la contestación, la corte inferior procedió correctamente al declarar con lugar la demanda. Artículos 110, 118 y 119 del Código de Enjuiciamiento Civil; *Horton* v. *Robert,* 11 D.P.R. 176; *Parker* v. *Oller,* 21 D.P.R. 138; *Delannoy* v. *Blondet,* 22 D.P.R. 237; *P. R. Benevolent Society* v. *Ponce,* 28 D.P.R. 824; *Carlo* v. *Ferrer,* 28 D.P.R. 369; *González* v. *González,* 35 D.P.R. 702; *Antonsanti & La Costa* v. *Sucn. Axtmayer,* 38 D.P.R. 782; *Valdés* v. *Sucn. Gandía Córdova,* 41 D.P.R. 549.

 El artículo 119 del Código de Enjuiciamiento Civil dispone que cuando se entabla una acción fundada en un documento, y la demanda contiene copia del mismo, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidos, a menos que se jure la contestación negando dicha autenticidad. El artículo 121 del mismo código dispone que el otorgamiento en forma ''no se considerará

admitido por haberse dejado de negar el mismo bajo jura-mento, si la parte dispuesta a impugnarlo solicitare inspeccionar el original y esto no le fuere permitido.''

El apelante basa su argumentación en la contención errónea de que el demandante estaba obligado, por la orden dictada por la corte inferior, a depositar el pagaré en la Secretaría de la corte, por un término de cinco días, para ser allí inspeccionado por el demandado. El demandante no estaba obligado a cumplir lo que pidió el demandado en su moción y sí lo que dispuso la corte en su orden. Y lo que se ordenó al demandante fué ''que tan pronto sea notificado de esta orden *permita* al demandado inspeccionar el referido pagaré.'' No se impuso al demandante la obligación activa de llevar el pagaré a un sitio determinado, sino la obligación pasiva de permitir que fuera inspeccionado por el demandado. Para poder acogerse al beneficio del artículo 121 del Código de Enjuiciamiento Civil, el demandado tendría que demostrar a satisfacción de la corte que el demandante, después de haber sido notificado de la orden de inspección se negó a permitirla. Del récord no aparece prueba alguna para sostener dicha negativa. Más aún, en la argumentación de la moción se admitió por la parte apelante que ni el demandado ni sus abogados habían jamás acudido a las oficinas del demandante o las de sus abogados para que se les permitiera inspeccionar el pagaré.

*Debe desestimarse por frívolo el recurso.*