Schlüter & Co., Sucr., demandante y apelada, *v.* Manuel González, demandado y apelante.

No. 3551.—*Visto:* Abril 24, 1925. *Resuelto:* Mayo 29, 1925.

1. Sociedad—Derechos y Responsabilidades en Cuanto a Terceras Personas—Representación de la Firma por un Socio—Cobro por un Socio de Pagarés a Favor de la Sociedad.—Un socio gestor no puede reclamar personalmente el cobro de pagarés otorgados a favor de una sociedad sin más alegación que la de su carácter de socio gestor.

2. Letras y Pagarés (*Bills and Notes*)—Acciones—Demanda—Requisitos de las Demandas—Cobro de Pagarés.—En el cobro de pagarés es necesario alegar, además de haber sido suscritos, la entrega de los mismos o, cuando menos, la posesión de ellos por el demandante.

Sentencia en rebeldía dictada por la Corte de Distrito de Humacao, y registrada de acuerdo con la súplica de la demanda, con costas. *Revocada, concediéndose permiso para enmendar.*

*González Fagundo & González, Jr.*, abogados del apelante; *Antonio L. López* y *Julio Reguero González,* abogados del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una acción en cobro de dinero. El demandado excepcionó la demanda por falta de causa de acción. Su alegación fué desestimada y no contestando se le anotó la rebeldía y se dictó sentencia en su contra.

El apelante sostiene dos puntos de error.

[1] El primero se funda en que si bien del título de la demanda aparece como demandante Schlüter & Co. Sucr., firma a cuyo nombre están suscritos los pagarés que se reclaman, al comenzar la demanda comparece, no obstante, Ernesto Fernando Schlüter en su carácter de socio gestor de la sociedad Schlüter & Co., Sucr. demandando en representación de la sociedad.

Se alega también en la demanda que Schlüter & Co., Sucr., vendió a crédito abonos al demandado, quien le suscribió cuatro pagarés cuyas cantidades y fechas de vencimiento se relacionan. Siendo esto así, el apelante tiene razón, la mercantil es la que puede proceder al cobro de los

pagarés y no el socio gestor sin más alegación que la de su carácter de socio gestor.

[2] El segundo punto se refiere a que no es bastante que se alegue que el demandado suscribió a la demandante los mencionados pagarés y se sostiene por el apelante que no alegándose además la entrega de los pagarés, ni Schlüter & Co., Sucr., ni menos su socio gestor, pueden establecer la acción para su cobro.

El artículo 80 de la Ley de Evidencia (Comp. 1911, sec. 1448), dice:

"Art. 80.—El otorgamiento de un documento consiste en suscribirlo y entregarlo con o sin la fijación de un sello."

El estatuto parece claro. No basta suscribir el documento, es además esencial su entrega. La razón de la ley es que por la entrega se consuma el contrato, o sea, por la tradición del documento.

"Es un elemento esencial en todo contrato escrito que sea entregado por la parte que se obliga, a alguien que tiene derecho a tenerlo; siendo la entrega la prueba del consentimiento del que la da, y el recibo del que la obtiene, esto da por consumado el contrato. Y así por regla general un pagaré, como cualquier otro documento, no tiene ningún principio legal o existencia válida como tal hasta que ha sido entregado de acuerdo con el objeto o intención de las partes." 3 R.C.L. 859. Véase el caso de *Bennet* v. *Bosquetti*, 31 D.P.R. 856.

El punto ahora es determinar si con ausencia de esa alegación la demanda es suficiente. En ella se dice simplemente que el demandado suscribió al demandante los pagarés. No parece bastante de acuerdo con lo que exige la ley y la jurisprudencia en el otorgamiento de documentos privados, que tal alegación sea suficiente para establecer una causa de acción. Si el demandante, sin embargo, hubiese alegado además que era el tenedor de los documentos, la alegación de la entrega no hubiese sido indispensable porque la ley presupone la entrega en esos casos, a menos que

se pueda destruir tal presunción, pero ya esto sería materia de evidencia.

"El tenedor de una cuenta o pagaré no tiene que probar la entrega; ni la ley presumirá la entrega a menos que algo se haga constar que contrarreste tal presunción. Si el acreedor de un pagaré lo tiene en su posesión, ese hecho se considera *prima facie* como prueba de que ha sido entregado." 3 R.C.L., 859.

*La corte inferior en su consecuencia cometió error al no sostener la excepción del demandado, por lo que debe revocarse la sentencia, con permiso de enmendar el demandante su demanda.*