SUCRS. DE VILLAR SÁNCHEZ & Co., demandante y apelada, *v.* FRANCISCO CINTRÓN y JUSTINIANO LÓPEZ SOTO, demandados y apelantes.

No. 3853.—*Visto:* Marzo 12, 1926. *Resuelto:* Junio 10, 1926.

1. ALEGACIONES—DEFECTOS Y OBJECIONES, RENUNCIA Y SUBSANACIÓN POR VEREDICTO O SENTENCIA—DEFECTOS U OMISIONES CURADAS POR LA CONTESTACIÓN O LAS PRUEBAS.—Objetada la demanda en cobro de un pagaré por no alegar su entrega a los causantes de los demandantes y levantada la cuestión en apelación, sin que conste el fundamento de una excepción previa declarada sin lugar por la corte inferior por ser frívola, si la prueba de los deman-

dantes tiende a probar la posesión del documento antes del juicio, la omisión objetada puede considerarse como suplida por la prueba.

2. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—REVOCACIÓN—FUNDAMENTO DE REVOCACIÓN—SU INSUFICIENCIA.—Resultando subsanada por admisiones contenidas en la contestación, la omisión de los demandantes de probar que ellos eran en realidad los sucesores de XX según alegaban, se resolvió 'era una en la cual no podía insistirse con éxito como fundamento de revocación.

3. NOVACIÓN—EXTINCIÓN DE UNA OBLIGACIÓN POR OTRA—SUBSTITUCIÓN E INCOMPATIBILIDAD.—En este caso se sostuvo no hubo ni la substitución expresa ni la manifiesta incompatibilidad necesaria para constituir novación.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda con costas, gastos y honorarios. *Confirmada.*

A. L. *López* y *Julio Reguero,* abogados de los apelantes; *Harry F. Besosa,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandantes como sucesores de Villar, Sánchez & Co. entablaron acción para recobrar un balance de $546.93 que se alegaba estar adeudado sobre un pagaré por $643.10 después de abonar un pago que se admitía haber sido hecho por la suma de $96.17.

Los demandados apelaron contra una sentencia contraria a ellos y especifican como errores cometidos por la corte inferior los siguientes:

"Primero: Estimar que la demanda contiene hechos suficientes determinantes de la acción de cobro de dinero que en la misma se ejercita.

"Segundo: Estimar probado que la demandante es la sucesora legal de 'Villar Sánchez y Companía.'

"Tercero: No estimar extinguida por novación la obligación cuyo cobro se ejercita."

El caso fué llamado para juicio en la corte de distrito en marzo 3, 1925, y no habiendo comparecido los demandados, los demandantes presentaron su prueba y obtuvieron sentencia de acuerdo con la súplica de la demanda.

En marzo 30, a petición de los demandados, la corte de distrito dejó sin efecto la sentencia últimamente mencionada

con el fin de que los demandados tuvieran oportunidad de presentar su prueba.

Otra sentencia dictada en septiembre 16, 1925, expresa que en enero 5, 1925, se desestimó como frívola una excepción previa y se dió a los demandados una oportunidad para contestar bajo juramento.

La contestación radicada en enero 14, 1925, admite, entre otras cosas, la expedición del pagaré, niega por falta de información ciertas alegaciones de poca importancia y levanta como una defensa especial la siguiente materia nueva:

"2. Que antes del vencimiento de dicha obligación, o sea el 5 de abril de 1922, los aquí demandados se declararon en quiebra voluntaria ante la Corte de Distrito de los Estados Unidos para Puerto Rico.

"3. Que en la cédula correspondiente a la expresada quiebra de los entonces quebrados y ahora demandados, aparece la aquí demandante como acreedora por la suma de $643.10 que es el importe de la obligación relacionada en este caso y cuyo cumplimiento se ejercita.

"4. Que una oferta de 15% para ser pagada 30 días después de aceptada y confirmada, y 10% dentro de un año a partir de la fecha de su aceptación y confirmación fué propuesta por los entonces quebrados y ahora demandados.

"5. Que dicha oferta fué aceptada por mayoría de los acreedore, tanto en número como en cuantía y la expresada proposición fué debidamente aprobada por la Corte de los Estados Unidos para Puerto Rico, el día 23 de diciembre de 1924.

"6. Que para pagar ese 15% y 10% antes mencionado, los aquí demandados, bajo el nombre de Cintrón López & Co., suscribieron y entregaron a la demandante, los pagarés que a la letra copiados, dicen así:

" 'Al 15 de Enero de 1923.—Por $105.14.—Nosotros Cintrón López & Co., pagaremos a Villar Sánchez & Co. el día 15 de Enero de 1923, $105.14, siendo dicha cantidad el 15% de su crédito en la quiebra de Cintrón, López & Co. Cidra, P. R., Noviembre 14 de 1922.—(Firmado)  Cintrón López & Co., Por Justo L. López.'

" 'Al 15 de Enero de 1924.—Por $70.09.—Nosotros Cintrón López & Co. pagaremos a Villar Sánchez & Co. el día 15 de enero de 1924, $70.09, siendo dicha cantidad el 15% de su crédito en la quie-.

bra de Cintrón López & Cía. Cidra, P. R., Noviembre 14, 1922.—
(Firmado) Cintrón López & Co., por Justo L. López.'

"7. Que a cuenta del pagaré de $105.14 anteriormente trans-
crito, el aquí demandado Francisco Cintrón con fecha 19 de no-
viembre de 1923, pagó a la mercantil demandante la suma de $96.47,
y por los cuales recibieron el correspondiente recibo.

"8. Que de acuerdo con la Ley de quiebra, la aceptación y con-
firmación de la expresada oferta de composición, obliga a su fecha,
a todos los entonces acreedores, de los aquí demandados y antes
quebrados."

[1] La teoría de la primera proposición sometida por los
apelantes bajo la autoridad de *Schlüter & Co.* v. *González,*
34 D.P.R. 303, es que la demanda no alega la entrega del
pagaré a los causantes de los demandantes. La prueba
oral de los demandantes tendió a demostrar la entrega del
pagaré por ellos a su abogado antes de la fecha del juicio.
A falta de indicación alguna en los autos en cuanto a la na-
turaleza de la excepción previa desestimada como frívola
por la corte inferior, la omisión que aquí se objeta puede
ser considerada como que fué suplida por la prueba.

[2] La primera alegación de la demanda incluía la mani-
festación de que los demandantes eran los sucesores de Vi-
llar, Sánchez & Co. y habían tomado a su cargo todo el ac-
tivo y pasivo de dicha firma. El primer párrafo de la con-
testación negó dicha alegación por falta de información en
este respecto. Pero las partes afirmativas de la contesta-
ción, según se demuestra por la cita que arriba hemos he-
cho, admitieron que los demandantes habían sido incluídos
por los demandados en su quiebra en la lista de acreedores
por la cantidad mencionada en el pagaré descrito en la de-
manda enmendada.

Los nuevos pagarés descritos en la contestación se di-
cen que fueron entregados a los demandantes. Los deman-
dados alegan haber hecho a los demandantes el pago de
$96.47. El recibo a que se hace referencia y más tarde
presentado como prueba por los demandados lleva la firma
de la sociedad demandante. Bajo las circunstancias la omi-

sión de los demandantes de probar que ellos eran en realidad los sucesores de Villar, Sánchez & Co. es una en la cual no puede insistirse con éxito como fundamento de revocación.

[3] De la prueba aducida en el juicio aparece que la oferta de composición, que incluía los pagarés, presentada en esa época y descrita en la contestación, fué hecha por Cintrón, López & Co., que la orden de confirmación fué pedida por dicha firma y que la orden misma tal como fué hecha no incluía a los socios individualmente. Descansando en estos y otros detalles más o menos inconsistentes con las alegaciones de la contestación, los apelados insisten en que los socios individuales nunca fueron exonerados de responsabilidad por su obligación original. A este respecto se nos hace referencia a las siguientes autoridades:

*In re* Bertenshaw, 19 Amer. B. R. 577; Everybody's Market, 21 Amer. B. R. 925; Junck & Baltazard, 22 Amer. B. R. 298; 1 Amer. B. R. (New Series) 711; Colliers, 13 Ed. 437; 2 Amer. B. R. (New Series) 619; *Curlee Clothing Co.* v. *Hamm,* Colliers 13 Ed. 250; Deiv Breitbart and Sam Arbertel, 1 Amer. B. R. (New Series) 712; Colliers 13 Ed. 437.

No es necesario que discutamos los meritos de esta contención ni los de la teoría de novación. El argumento por parte de los apelantes asume que la mera aceptación por los demandantes de los nuevos pagarés expedidos por la sociedad quebrada bajo las circunstancias que rodearon la entrega de los mismos en el presente caso, y del pago parcial subsiguientemente hecho sobre uno de dichos pagarés, equivale a un acuerdo y satisfacción.

Sin tratar por ahora de establecer concluyentemente la falta de solidez de la premisa envuelta, podemos hacer referencia a los casos de *In re Carson & Co.,* 148 Fed. 63, e *In re Kinnane Co.,* 221 Fed. 762, como punto de partida para una investigación en este sentido.

A falta de una demostración satisfactoria de que la ac-

titud y actuación de los demandantes en este caso equivalía a algo más que una tentativa o aceptación de los nuevos pagarés pendiente su vencimiento y dependiendo de su pago entonces, nos vemos obligados a sostener que no hubo ni la substitución expresa ni la manifiesta incompatibilidad necesaria para constituir la novación bajo las disposiciones de nuestro Código Civil.

*La sentencia apelada debe ser confirmada.*