P. Gandía & Compañía, demandante y apelante, *v.* Javier Hernández, demandado y apelado.

No. 4029.—*Visto:* Enero 25, 1927. *Resuelto:* Enero 31, 1927.

1. Apelación y Error—Resolución y Disposición del Caso—Revocación—Desestimación de Acción por Falta de Hechos Suficientes sin Oportunidad para Enmendar.—La desestimación de una demanda por no aducir hechos suficientes para constituir una causa de acción, sin darse al demandante una oportunidad para enmendarla, después de dictada resolución sosteniendo una excepción previa con posterioridad a un juicio sobre los méritos y después que la omisión en cuestión ha sido subsanada por la prueba aducida en el juicio, constituye un error que lleva consigo la revocación.

2. Alegaciones—Defectos y Objeciones, Renuncia (*Waiver*) y Subsanación por Veredicto o Sentencia—Defectos u Omisiones Subsanados por la Contestación o las Pruebas—Suficiencia de la Demanda—En General.—La omisión de alegar la entrega de unos pagarés queda subsanada (*cured*) por la presentación e introducción en evidencia de tales pagarés, y después de un juicio sobre los méritos, al demandante debe dársele una oportunidad para enmendar o de lo contrario debe considerarse que la demanda había sido enmendada para conformarla a la prueba.

Sentencia de *Miguel A. Muñoz, J.* (San Juan), declarando la demanda cón lugar en parte y sin lugar en cuanto a la reclamación de la cantidad adeudada por virtud de unos pagarés. *Revocada* en lo que respecta a la parte de la acción que fué desestimada.

*Juan B. Soto* y *José Iglesias,* abogados de la apelante; *José Ruiz de Val,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La demandante entabló demanda en cobro de dos paga-

rés y de una suma adicional por concepto de mercancías vendidas y entregadas al demandado.

La apelante dice que la corte inferior declaró sin lugar una excepción previa a la demanda antes de radicarse la contestación del demandado. El alegato no hace referencia a ninguna página de los autos en que pueda encontrarse tal resolución de la corte, y un examen superficial de la transcripción de la evidencia arroja poca luz adicional sobre lo que realmente ocurrió en cuanto a este particular. Aparece que la excepción previa fué radicada en agosto de 1924, y la contestación en abril de 1925. El juicio no se celebró hasta octubre 30 de 1925. Por tanto, el demandado tuvo amplia oportunidad para insistir en que se le resolviera su excepción antes del juicio, y tendría poco motivo para quejarse si en realidad la corte dejó de resolver la cuestión levantada por excepción previa antes de la celebración del juicio del caso. Bajo las circunstancias, y según vemos este caso, este hecho resulta de poca importancia.

El demandado no compareció el día del juicio ante la corte de distrito, ni tampoco ha comparecido por alegato o personalmente en la vista celebrada ante esta corte.

[1, 2] Después de celebrarse el juicio en su fondo, en el cual los pagarés en cuestión fueron presentados por el socio gestor de la demandante, pagarés que fueron debidamente identificados y admitidos como prueba, el juez de distrito sostuvo la excepción previa por no alegarse la entrega de los pagarés, declaró sin lugar la demanda en cuanto a la reclamación de la cantidad adeudada por virtud de dichos pagarés y dictó sentencia a favor de la demandante por el pequeño saldo adeudado en concepto de mercancías.

De la opinión dictada como parte de tal sentencia, hacemos, el siguiente extracto:

". . . . Si el demandante, sin embargo, hubiese alegado además que era el tenedor de los documentos la alegación de la entrega no hubiese sido indispensable porque la ley presume la entrega en esos

casos, a menos que se pueda destruir tal presunción, pero ya esto sería materia de **evidencia.**

" 'El tenedor de una cuenta o pagaré no tiene que probar la entrega; ni la ley presumirá la entrega a menos que algo se haga constar que contrarreste tal presunción. Si el acreedor de un pagaré lo tiene en su posesión, ese hecho se considera prima facie como prueba de que ha sido entregado.' 3 R.C.L., 859."

Evidentemente, la corte inferior pasó por alto el hecho de que la omisión en cuestión había sido subsanada por la prueba. Aparece igualmente claro que si se hubiese declarado con lugar la demanda por el fundamento citado, en cualquier tiempo antes del juicio o aún durante el juicio, la demanda pudo haber sido enmendada con un sólo rasgo de la pluma, obteniendo permiso de la corte. Haya sido o no revocada una resolución formal declarando con lugar la excepción previa por la decisión final de la corte, estamos persuadidos, tomando todas las circunstancias en consideración, que se debió haber considerado que la demanda había sido enmendada para conformarla a la prueba aducida en el juicio, o de lo contrario, por lo menos, a la demandante se le debió haber dado oportunidad para así enmendarla.

*La sentencia apelada debe ser revocada en lo que respecta a la desestimación de parte de la acción, y modificada de acuerdo con la súplica de la demanda en cuanto a la cantidad a recobrar, y así modificada se confirma.*