ANDRÉU, AGUILAR & Co., INC., demandante y apelada, *v.* RAMÓN RODRÍGUEZ, Jr., Y RAMÓN RODRÍGUEZ, demandados y apelantes.

No. 3958.—*Visto:* Diciembre 17, 1926.     *Resuelto:* Abril 26, 1927.

ALEGACIONES—DEFECTOS Y OBJECIONES, RENUNCIA *(Waiver)* Y SUBSANACIÓN POR VEREDICTO O SENTENCIA—DEFECTOS U OMISIONES CURADAS POR LA CONTESTACIÓN Y LAS PRUEBAS—INSUFICIENCIA DE LA DEMANDA—EN GENERAL.—Cuando en demanda en cobro de unos pagarés no existe alegación alguna respecto a la entrega, tal omisión queda subsanada por la contestación si en ella se acepta que los demandados suscribieron aquéllos y de ella se deduce que fueron entregados como precio de una transacción.

SENTENCIA de *Domingo Sepúlveda, J.* (San Juan), declarando con lugar demanda en cobro de dinero, y sin lugar la contrademanda, con costas. *Confirmada.*

*Juan B. Soto,* abogado de los apelantes; *Manuel Cruz Horta,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Andreu, Aguilar y Co., una corporación organizada bajo las leyes de Puerto Rico, demandó a Ramón Rodríguez, Jr., y a Ramón Rodríguez en cobro de pesos. Alegáronse en la demanda ocho causas de acción basadas en ocho pagarés por setenta y cinco dólares cada uno.

Los demandados excepcionaron la demanda por falta de hechos suficientes para constituir una causa de acción y por indebida acumulación de acciones.

No consta en la transcripción de los autos archivada a los efectos de la apelación cómo se resolvió la excepción, pero debió serlo declarándola sin lugar cuando cerca de un mes después aparece la contestación de los demandados. Contiene este documento una negación de todos y cada uno de los hechos alegados en la demanda y materia nueva alegada como defensa en oposición a la demanda.

Fué el pleito a juicio. La parte demandante se limitó a presentar como prueba los ocho pagarés suscritos por los demandados. Los demandados no se opusieron a la admisión de dichos pagarés y presentaron como su único testigo a uno de ellos mismos, Ramón Rodríguez, que declaró que los pagarés procedían de la venta de un automóvil al demandado Ramón Rodríguez, Jr., que este demandado dejó de hacerlos efectivos y el demandado declarante, que los había garantizado, intervino, llegando a un acuerdo con los demandantes en el sentido de que dichos demandantes recibirían de nuevo el automóvil vendido más cinco pagarés suscritos por el declarante de treinta dólares cada uno y devolverían los pagarés, y que el automóvil fué devuelto y recibido, pero no los ocho pagarés. Presentaron entonces los demandantes prueba testifical y documental en contra de la novación del primitivo contrato origen de los ocho pagarés y volvió a declarar el demandado Rodríguez ratificando sus anteriores manifestaciones.

Así quedó el caso sometido a la corte de distrito que lo resolvió en contra de los demandados por sentencia basada en una relación del caso y opinión que contiene un análisis cuidadoso de la prueba.

No conformes los demandados, establecieron el presente recurso de apelación. Sólo levantan en su alegato un error, a saber: la insuficiencia de la demanda, que argumentan así:

"De la simple lectura de dicha demanda, se desprende que el ·demandante ejercita en la misma ocho causas de acción, que cada una de esas causas de acción está fundada en un pagaré respecto al cual sólo se alega en la demanda: "que en el día 26 de agosto de 1924, los demandados suscribieron a favor de la demandante, Andreu, Aguilar & Co., Inc., un pagaré que copiado literalmente dice así: (A continuación se copia el pagaré.) En ninguna parte de dicha demanda aparece la alegación de que los pagarés que en ella se transcriben o cualquiera de ellos, fuera entregado por los demandados a la demandante. Las ocho causas de acción están alegadas en términos exactamente iguales, conteniendo todas las mismas omisiones y naturalmente los mismos defectos. En otras palabras: omitiéndose en todas hechos esenciales a la existencia de una causa de acción.

"Este Tribunal Supremo en el caso de Schluter & Co., Sucrs., vs. González, 34 D.P.R. 303, así lo resolvió, fundándose en el art. 80 de nuestra Ley de Evidencia y en la doctrina expuesta y sostenida en 3 R.C.L. 859 y 31 D.P.R. 856.''

En su alegato la parte apelada admite la insuficiencia de la demanda, pero sostiene que el defecto fué curado por la contestación, invocando la doctrina del caso de *Porto Rico Benevolent Society* v. *Municipio de Ponce,* 28 D.P.R. 824 que resuelve que:

"Las admisiones contenidas en una contestación subsanan cualquier defecto de que pudiera adolecer la demanda.''

En efecto la tercera defensa de la contestación copiada a la letra en lo pertinente dice:

"SEGUNDO: Que en el mes de septiembre de 1924, la demandante vendió a los demandados un automóvil marca 'Studebaker.'

"TERCERO: Que en pago de dicho automóvil los demandados subscribieron a favor de la demandante, los ocho pagarés que se transcriben en la demanda.

"CUARTO: Que con posterioridad a la compraventa de dicho automóvil, la demandante, y los demandados convinieron en que aquélla devolvería a éstos los ocho pagarés transcritos en la demanda, y éstos en cambio entregarían a la demandante el referido automóvil más cinco pagarés de $30.00 cada uno.

"QUINTO: Que de acuerdo con lo convenido, los demandados

entregaron a la demandante el susodicho automóvil y la requirieron para que la demandante procediera a entregar los ocho pagarés mencionados en la demanda, y a aceptar los cinco pagarés de $30.00 cada uno, arriba aludidos.

"SEXTO: Que la demandante, después de tener en su posesión el automóvil sobredicho ha rehusado entregar los ocho pagarés transcritos en la demanda y a aceptar los cinco pagarés de $30.00 cada uno, a que se ha hecho referencia."

Por el hecho tercero se ve que los demandados aceptaron expresamente que subscribieron los pagarés en que se basa la demanda y de los hechos cuarto y siguientes se deduce en forma tan clara y terminante que no sólo los suscribieron sino que los entregaron a los demandantes como el precio de una transacción real y positiva, que creemos que ello constituye una innegable admisión de la existencia del hecho que faltaba alegar en la demanda para que las causas de acción en la misma ejercitadas fueran completas.

Siendo ello así, resuelto en tal sentido el único error en que se basa el recurso, *debe éste declararse sin lugar y confirmarse la sentencia apelada.*