THE ROYAL BANK OF CANADA, demandante y apelado, v. VÍCTOR M. BUENAHORA y LAJAS UNDERWEAR, demandados y apelantes.

No. 4105.—*Visto:* Abril 8, 1927. *Resuelto:* Mayo 26, 1927.

1. LETRAS Y PAGARÉS *(Bills and Notes)*—ACCIONES—EVIDENCIA—SUFICIENCIA DE LA MISMA—EN GENERAL.—Atendida la prueba del demandante así como las alegaciones de la demanda, *se resolvió* eran suficientes para sostener la sentencia que declaró con lugar dicha demanda.

2. LETRAS Y PAGARÉS *(Bills and Notes)*—ACCIONES—EVIDENCIA—SUFICIENCIA DE LA MISMA—AUTENTICIDAD DE LOS DOCUMENTOS.—En el caso de autos *se resolvió* la prueba era suficiente para dejar probada la autenticidad de los giros cuyo importe era objeto de cobro.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), declarando con lugar la demanda, con costas. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *Alberto S. Poventud,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

The Royal Bank of Canada dedujo demanda en cobro de dinero contra los demandados Víctor M. Buenahora y "Lajas Underwear," en la que, en síntesis, alega: que Victor M. Buenahora en su calidad de comerciante y haciendo negocios en Ponce bajo la razón social de "Víctor M. Buenahora," y como gestor de dicha firma, suscribió y entregó al demandante, con cargo al otro demandado y aceptados por éste tres giros por las siguientes cantidades: el primero, por $493; el segundo, por $198.94, y el tercero, por $324.87, que hacen un total de $1,016.81; que el demandante descontó y pagó el importe de cada uno de dichos giros a Víctor M. Buenahora y que ninguno de ellos le ha sido satisfecho en todo ni en parte por los demandados.

Los demandados excepcionaron la demanda y luego contestaron negando que Víctor M. Buenahora hubiera otorgado, suscrito ni entregado al demandante ninguno de los giros reseñados, negando específicamente la autenticidad de los mismos.

La corte inferior declaró probada la autenticidad de los giros y finalmente declaró con lugar la demanda.

En el juicio de este caso, solamente se practicó prueba del demandante.

[1, 2] Los giros originales fueron presentados. Dos aparecen expedidos por Miguel A. Acosta como apoderado de Víctor M. Buenahora, y el tercero por Pedro Buenahora con el mismo carácter de mandatario de dicho demandado. Dos poderes por escrito fueron asimismo introducidos en evidencia, firmados por Víctor M. Buenahora a favor de uno y otro mandatario. Estos poderes estaban archivados en el banco, suministrados sin duda por el demandado para facilitar sus operaciones con el banco, y en ellos se confería a los apoderados, entre otras facultades, las de extender, firmar, endosar y descontar giros o cualquier documento comercial u otros valores, etc.

William Biscombe, gerente del banco demandante, declaró que los giros fueron descontados y abonados a la cuenta corriente de Víctor M. Buenahora después que fueron aceptados por Lajas Underwear y disponiendo aquél de los fondos. Dijo que conocía la firma de Víctor M. Buenahora, no porque haya firmado a su presencia sino por haber visto su firma en el banco en otros documentos tenidos por suyos, como giros y pagarés. Igual manifestación hace de la firma de Pedro Buenahora y aunque no dijo lo mismo acerca de la firma de Miguel A. Acosta, la cuestión no es importante, porque existe en autos una carta suscrita por Pedro Buenahora en contestación a otra del banco, donde admitiéndose que los giros no han sido pagados al demandante, se acepta por ello expresamente la autenticidad de los mismos.

Otro testigo del demandante fué Alberto S. Poventud, abogado del banco, quien en resumen dice: que con motivo de haberle encomendado el banco el cobro de los giros a los demandados, escribió a éstos varias cartas certificadas en las que transcribía los tres giros; que conoce personalmente

la firma de Pedro Buenahora por haberlo visto firmar en documentos ante él, como notario, y que había hablado con Víctor M. Buenahora y Pedro Buenahora con motivo de la reclamación del importe de tales giros y ellos nunca hicieron oposición a su autenticidad.

Los demandados no practicaron prueba y basta la relación que hemos hecho de la prueba del demandante para concluir que ella es suficiente, así como las alegaciones de la demanda, para sostener la sentencia de la corte inferior.

Por todo lo expuesto, *debe confirmarse la sentencia apelada.*