Felipe Segarra Serra, demandante y apelado, *v.* Ana María Manescau, y Mercedes Figueroa Sánchez, demandados y apelantes.

No. 4367.—*Visto:* Mayo 1, 1928. *Resuelto:* Diciembre 14, 1928.

*Leopoldo Tormes,* abogado de las apelantes; *Miguel Bahamonde,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Felipe Segarra demandó en la Corte de Distrito de Ponce a Ana María Manescau y a Mercedes Figueroa en cobro de obligaciones ascendentes en junto a la suma de $864.34. En la demanda se alegan separadamente tres causas de acción, así:

1.—"1.— . . . . .

"2.—Que con fecha 19 de diciembre de 1925, y para vencer el día 19 de junio de 1926, las demandadas suscribieron ante el Notario don Francisco R. Cortés una obligación por la suma de $118.00, mancomunada y solidariamente, comprometiéndose a pagar a razón del doce por ciento anual como intereses y las costas y honorarios de abogado que devengara el cobro de esta obligación.

"Que la citada obligación de $118.00 y sus intereses ascendentes a $15.34 no han sido satisfechos a pesar de las diversas gestiones he-

chas al efecto, adeudando las demandadas por esta obligación la suma de $133.34.

2.—"1.— . . . . .

"2.—Que con fecha 29 de junio de 1926, la's demandadas suscribieron mancomunada y solidariamente a favor del demandante una obligación por la suma de $500, comprometiéndose a pagar intereses a razón del doce por ciento anual en caso de mora y las costas, gastos y honorarios de abogado en que incurriere el demandante para el cobro de esta obligación.

"Que la obligación antes mencionada venció, se requirió de pago a las demandadas y éstas no lo efectuaron cuya obligación con sus intereses asciende a la suma de $513.00.

3.—"1.— . . . . .

"2.—Que con fecha 29 de octubre y para vencer el 29 de diciembre las demandadas suscribieron otro pagaré, mancomunada y solidariamente por la suma de $200, comprometiéndose al pago del doce por ciento anual de intereses en caso de mora y a satisfacer las costas y honorarios de abogado en caso de reclamación judicial.

"Que la citada obligación está vencida, fueron requeridas las demandadas de pago y se han negado a hacerlo, manifestando carecer de metálico para ello."

Las demandadas formularon excepciones previas que fueron declaradas sin lugar. Contestó la demandada Manescau reproduciendo su excepción de que la demanda no aduce hechos suficientes para determinar una causa de acción y alegando ciertos hechos como fundamento de oposición.

La demandada Figueroa no formuló contestación pero asistió al juicio representada por el mismo abogado que la demandada Manescau. Se practicó prueba testifical y documental y finalmente la corte dictó sentencia declarando la demanda con lugar.

La prueba practicada no forma parte de los autos. Sólo consta que fué apreciada por la corte sentenciadora, así:

"Por la apreciación que ha hecho la corte de toda la prueba presentada en este caso, considera que el demandante ha probado debidamente todo's los hechos alegados en la demanda, o sea que las demandadas suscribieron tres obligaciones mancomunada y solidariamente, comprometiéndose a pagar al demandante las sumas de $118, $500 y $200, más los intereses al 12% anual, cuyas obligaciones ven-

cieron en las fecha's que antes se ha hecho constar y no han sido satisfechas por las demandadas a pesar de haber sido requeridas para ello por el demandante; y que la prueba presentada por la's demandadas se refiere a otras negociaciones que existían entre las partes, independientemente de las obligaciones; y, asimismo que no se ha probado a satisfacción de la corte que el demandante cobrara a las demandadas intere'ses en exceso del 12% anual.''

No conformes con la sentencia las demandadas apelaron de ella para ante este tribunal. Sostienen que la corte de distrito erró al desestimar la excepción previa y en tal virtud que la sentencia apelada es contraria a derecho. Alegan que la demanda es insuficiente porque si bien expresa que las demandadas suscribieron los pagarés de que se trata, no dice que los entregaron al demandante. Invocan en apoyo de su contención las decisiones de esta Corte Suprema en los casos de *Bennett* v. *Boschetti*, 31 D.P.R. 856, *Schlüter & Co.* v. *González*, 34 D.P.R. 303, *Fornaris* v. *Font*, 35 D.P.R. 610.

A nuestro juicio debió prosperar la excepción, ya que la entrega de los pagarés no fué alegada. Bastará citar lo resuelto por esta corte en uno de los casos invocados. Es así:

"El artículo 80 de la Ley de Evidencia (Comp. 1911, sec. 1448) dice:

"'Art. 80.—El otorgamiento de un documento consiste en suscribirlo y entregarlo con o sin la fijación de un sello.'

"El estatuto parece claro. No basta suscribir el documento, es además esencial su entrega. La razón de la ley es que por la entrega 'se consuma el contrato, o sea, por la tradición del documento.

"Es un elemento esencial en todo contrato escrito que sea entregado por la parte que se obliga, a alguien que tiene derecho a tenerlo; siendo la entrega la prueba del consentimiento del que la da, y el recibo del que la obtiene, esto da por consumado el contrato. Y así por regla general un pagaré, como cualquier otro documento, no tiene ningún principio legal o existencia válida como tal hasta que ha sido entregado de acuerdo ·con el objeto o intención de las par-

tes. 3 R.C.L. 859. Véase el caso de *Bennett* vs. *Boschetti,* 31 D. P.R. 856.'' *Schlüter & Co.* vs. *González,* 34 D.P.R. 303, 304.

En su alegato la parte apelada sostiene que:

''Este caso se distingue del de *Schlüter* vs. *González, supra,* en que, en el presente la parte demandada admitió en su contestación que adeuda al demandante las sumas reclamadas, quedando por lo tanto subsanado el defecto señalado, en caso que existiera. Y además, el caso que nos ocupa, fué resuelto por sus méritos, y la demandada tuvo amplia oportunidad, bajo su negativa general, resultando, pues, que la falta de dicha alegación en nada ha perjudicado a las demandadas-apelantes, ya que la existencia de dicha alegación, en nada hubiera hecho variar el resultado del pleito. Por los motivos aquí expuestos, resulta aparente que el recurso interpuesto es frívolo y dilatorio.''

Luego cita jurisprudencia respecto a subsanación de defectos por virtud de las alegaciones de la parte contraria.

Una de las demandadas no contestó. Nada, pues, puede sostenerse que admitiera. Hemos examinado la contestación de la otra demandada y a nuestro juicio no puede concluirse que admita la existencia de las tres causas de acción de tal manera que pueda entenderse corregido el defecto fundamental de que adolece la demanda.

No puede aceptarse la teoría de la parte apelada acerca de que la demandada estuviera obligada a probar en el juicio la no entrega de los pagarés. Es al demandante al que incumbe la prueba de la existencia de la obligación que reclama.

Aunque no era necesario, hemos transcrito la declaración de hechos probados de la corte sentenciadora porque tampoco de ella constan hechos suficientes para basar la sentencia pronunciada. No se declara probada la entrega de los pagarés. Sólo se dice que las demandadas los suscribieron. Y ello no es bastante, según lo resuelto en los casos ya citados.

*Debe declararse, con lugar el recurso y dictarse sentencia desestimando la demanda por no aducir hechos suficientes para determinar una causa de acción.*