W. J. Cox Company, Inc., demandante y apelada, *v.* Eusebio Sánchez, Gregorio Meléndez y Aniano Martínez, demandados y apelantes.

No. 4993.—*Sometido:* Febrero 14, 1930. *Resuelto:* Diciembre 9, 1930.

*G. Cruzado Silva,* abogado de los apelantes; *A. Díaz Viera,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso, la parte demandante alegó ser una corporación de Puerto Rico; que los demandados suscribieron a su favor varios pagarés, que devengan interés, y que no le han pagado la suma de $779.93 que importan seis de esos documentos y sus intereses hasta la fecha de la demanda; y pidió se les condenara a pagarle tal suma y los intereses.

Los demandados formularon contestación, estableciendo como primera defensa la de falta de hechos para constituir causa de acción, y la negativa de todos y cada uno de los hechos alegados.

Se oyó el caso por la corte de distrito de San Juan, que dictó sentencia contra los demandados; y contra ella se ha presentado esta apelación.

En la "Relación del caso y opinión" de la corte leemos:

"Walter Cox & Co., vendió a Eusebio Sánchez un truck, con garantía de Gregorio Meléndez y Aniano Martínez y se entregaron a la demandante 10 pagarés, a la orden de ésta, que aparecen suscritos por Eusebio Sánchez, Gregorio Meléndez y Aniano Martínez. El demandado Eusebio Sánchez satisfizo cuatro de dichos pagarés, quedando a deber 6, que son los que se reclaman en la demanda, a saber:

| "Núm. | 5 | Vence | 1 | de | October | 1925 | por | $129.67 |
|-------|----|-------|---|----|----------|------|-----|----------|
| " " | 6 | " | 1 | " | November | " | por | $130.60 |
| " " | 7 | " | 1 | " | December | " | por | $131.54 |
| " " | 8 | " | 1 | " | January | 1926 | por | $132.47 |
| " " | 9 | " | 1 | " | February | " | por | $133.40 |
| " " | 10 | " | 1 | " | March | " | por | $ 80.60 |

Total____ $738.28

"En dichos pagarés los suscribientes se obligaron a pagar intereses al 9% anual desde su vencimiento y además a satisfacer las costas y desembolsos que el cobro ocasionare, incluso honorarios de abogado.

"Walter J. Cox declaró que es Vice-Presidente y Tesorero de Walter J. Cox & Co., que el truck se vendió a Eusebio Sánchez, siendo sus fiadores Gregorio Meléndez y Aniano Martínez, a quienes conoce, que aceptó de los demandados los pagarés y que los primeros 4 fueron satisfechos por partidas, después de haber concedido varias prórrogas a los demandados, y que el capital ni los intereses devengados de los 6 pagarés han sido satisfechos, a pesar de las gestiones practicadas con los demandados, adeudándose a la fecha de la presentación de la demanda, en agosto 20, 1926, la suma de $779.93.

"En el acto del juicio el demandado Eusebio Sánchez manifestó que él no suscribió los documentos por no saber leer ni escribir, y que la venta del truck fué hecha a un tal Pepe Náter, alias El Isleño, y aunque el propio Walter J. Cox expresó que la venta del truck había sido recomendada por el abogado Andrés B. Crosas, quien le dijo que los pagarés estaban en forma, sin que afirmara categóricamente dicho Walter J. Cox que fueran suscritos en presencia suya, los referidos pagarés se entregaron por los demandados a la demandante, por conducto de Walter J. Cox en el curso de la negociación de la venta del truck a dicho demandado Eusebio Sánchez, quien admitió, no sólo que había recibido el truck, si que también la deuda y su falta de pago, quedando así demostrada la autenticidad de los pagarés.

"Véase *Royal Bank of Canada* vs. *Buenahora et al.*, 36 D.P.R. 849."

■ La apelante señala cuatro errores. El primero aparece formulado así:

"La Corte de Distrito de San Juan, P. R., erró al admitir en evidencia los seis pagarés que aparecen transcritos como prueba documental de la demandante en la página 20 de la transcripción de la evidencia a pesar de la oposición formulada por los demandados en el acto de ofrecimiento de dicha prueba."

Fúndase dicho señalamiento en que en la demanda no se alegó la entrega de los pagarés, alegación indispensable; y en que no se probó la autenticidad de los documentos.

En verdad que en la demanda no se hace la alegación de entrega de los pagarés. Pero los demandados, en el juicio, permitieron, sin objeción que se preguntase al testigo W. J. Cox acerca de ese extremo, y que él contestara las preguntas. Para la recta solución de este extremo, se aplica la doctrina

de los casos *P. Gandía y Co.* v. *Hernández,* 36 D.P.R. 204, y *Sucrs. de Villar Sánchez* v. *Cintrón,* 35 D.P.R. 577.

■ No tiene la importancia que quiere dársele el hecho de que solamente un testigo declarase acerca de los pagarés, si el juez dió crédito a su testimonio, como lo hizo en este caso, en que aparece que no sólo tuvo en cuenta la declaración de Cox, sino el conjunto de la prueba.

■ Se señala como error que la corte condenó a los demandados sin que se probara que W. J. Cox, Inc., sea una corporación debidamente constituída, y que los documentos se hallan suscritos a favor de persona distinta que la que ejercita la acción.

Es cierto que la mejor evidencia de la existencia de la corporación es la certificación expedida por el funcionario correspondiente. Pero en este caso, si leemos la declaración de Walter J. Cox, encontramos que en el interrogatorio directo se le preguntó acerca de su relación con la compañía W. J. Cox Co., y cargo que en ella desempeñaba; y toda la declaración se relaciona lógicamente con la demanda, en la que aparece como demandante W. J. Cox Co., Inc. Esa prueba, y la serie de preguntas hechas a Walter J. Cox, no fué debidamente objetada; y al juzgarse de la evidencia en conjunto, la corte sentenciadora procedió correctamente teniéndola en cuenta.

Por análogos fundamentos entendemos que no se ha cometido el tercer error señalado. Y asimismo declaramos no existir el error que se señala bajo el número cuatro, que se ha formulado así:

"La Corte erró al hacer la apreciación de la prueba en conjunto y estimar a los demandados obligados a pagar a la demandante la suma a que los condena la sentencia, a pesar que la demanda no expone causa de acción."

*Debe confirmarse la sentencia apelada.*