Alejo Fonseca, demandante y apelante, *v.* Dorotea Molina y Santos y Aurora Maldonado y Molina y Sabina Molina, éstos últimos representados por su madre con patria potestad, demandados y apelados.

No. 4835.—*Sometido:* Abril 5, 1929. *Resuelto:* Mayo 10, 1929.

J. *Beiró Rovira,* abogado del apelante; *Armando A. Miranda,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Alejo Fonseca demandó a Dorotea Molina y a Santos, Aurora y Sabina Maldonado Molina, los tres últimos menores de edad, en cobro de $1,105, intereses y costas.

Se alegó en la demanda que la demandada Dorotea Molina era la madre con patria potestad de los otros tres demandados por haber muerto el padre de los mismos;

Que la demandada Dorotea Molina suscribió y entregó al demandante un documento que, copiado a la letra en lo pertinente, dice:

"Que soy mayor de edad, viuda de José Maldonado, quien falle-

ció en Caguas hace algún tiempo, que fuí declarada beneficiaria de mi difunto esposo juntamente con mis hijos menores de edad, a sasaber: Santos, Aurora y Dorotea Molina. Que se me asignó una compensación de dos mil ochocientos dólares pagadera en la siguiente forma: Setecientos dólares de contado en la primer quincena de agosto y el resto en mensualidades de trienta dólares hasta su total pago. Que fuí recibiendo anticipos desde la muerte de mi referido esposo y para mis hijos y yo, unas veces en dinero, otras en gastos distintos como preparación de actas, etc., para el dicho caso y en su mayor parte mercaderías para nuestro sostenimiento de manos y orden de don Alejo Fonseca, quien es mayor de edad, comerciante y vecino de Caguas, P. R. Que liquidada dicha cuenta resulta que soy en deber por mí y por mis hijos la suma de $1,200 que comprobaré con las partidas correspondientes y los que me obligo a pagar en la siguiente forma: Quinientos dólares *cash*, y el remanente a quince dólares mensuales, todo con cargo a mí y a mis expresados hijos en forma equitativa. Que dicha resolución es firme y no ha sido apelada por nosotros. Esto en Caguas, P. R., a 30 de agosto de 1926. Su marca. Dorotea Molina. Isidro Crespo. Testigo de la marca.''

Que Dorotea Molina por sí y por sus hijos sólo ha satisfecho al demandante $95 y se niega a pagar el resto de la obligación, motivo por el cual el demandante acude a los tribunales en solicitud de una sentencia que ordene el pago del resto de la deuda.

Así las cosas comparecieron los demandados Santos, Aurora y Sabina Maldonado y Molina ''representados por su abogado'' y pidieron que se dictara sentencia sobre las alegaciones ''declarando dicha demanda sin lugar en cuanto a los tres demandados aquí comparecientes, ya que de la obligación transcrita en la demanda y que constituye la base fundamental en la misma, doña Dorotea Molina se obligó a nombre de los menores, sin la autorización para ello de la corte de distrito, como lo exige el Código Civil.''

Sin que compareciera la demandada Dorotea Molina, la corte tomó bajo su consideración el caso y dictó sentencia declarando la demanda totalmente sin lugar.

No conforme el demandante interpuso el presente recurso

de apelación señalando en su alegato tres errores cometidos a su juicio por la corte, 1, al permitir que los menores demandados comparecieran sin la asistencia materna o en su defecto sin la de un defensor; 2, al conceder más de lo que se le pidiera en la moción de los demandados menores, y 3, al declarar con lugar la moción sobre sentencia sobre las alegaciones.

Comenzaremos nuestro estudio por el último de los errores señalados.

Para declarar que el contrato en que se basa la reclamación del demandante es nulo, se funda la corte sentenciadora en el artículo 229 del Código Civil, tal como fué enmendado por ley de 9 de marzo de 1911; en el artículo 3, inciso 5, párrafo último de la Ley sobre indemnizaciones a obreros por accidentes del trabajo, de 1918, tal como quedó enmendado por la Ley No. 62 de 1919, y en la sec. 23 de dicha ley sobre indemnizaciones.

El primero de dichos preceptos legales, o sea el artículo 229 del Código Civil, lee como sigue:

"El ejercicio de la patria potestad no autoriza al padre ni la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo y que estén bajo la administración de aquéllos, sin previa autorización de la Corte de Distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en los·artículos 80, 81 y 82 de la ley referente a procedimientos legales especiales."

El segundo expresa:

" *  *  *  *  *  *  *

"*Disponiéndose, además,* que si el obrero o sus herederos de acuerdo con esta Ley, fueren menores de edad o incapacitados, o si, a juicio de la referida Comisión, existiera peligro razonable de que la compensación, en metálico hubiera de ser dilapidada, dicha Comisión entregará el importe de tal conpensación a la Corte de Distrito donde resida la persona beneficiada, para su custodia y uso de acuerdo con las disposiciones de la ley que regulan la aplicación que ha de darse al importe de la venta de bienes de menores."

Y la sección 23 es así:

"Artículo 23.—Los derechos y acciones nacidos de esta Ley no podrán ser cedidos a otras personas ni serán objeto de embargo o reclamaciones de otras personas."

Prescindiremos de tratar la interesante cuestión sobre la procedencia o improcedencia de sentencias sobre las alegaciones que suscita la parte apelante al discutir este error. Ya esta corte ha expresado su criterio en varios casos (véase el de *Antonsanti & La Costa* v. *Axtmayer*, 38 D.P.R. 782), y la cuestión no afecta a la resolución de éste, según la opinión que del mismo hemos formado.

A nuestro juicio el artículo 229 del Código Civil no es aplicable.

Aun aceptando que el documento otorgado por la madre a favor del demandante envolviera una enajenación de bienes muebles pertenecientes a sus hijos, no estaría comprendida la suma de quinientos dólares, límite mínimo fijado por la ley. No se trata de una sola propiedad. La madre reconoce que para su sostenimiento y el de sus hijos tomó al demandante cantidades que ascienden a mil doscientos dólares que se compromete a pagar en la forma que indica. A lo sumo la deuda individual de cada uno asciende a trescientos dólares. Y así sólo cabe concluir que la madre obligó a cada uno de sus hijos por dicha suma para lo cual no necesitaba autorización de la corte.

■ El último párrafo del No. 5 del artículo 3 de la ley sobre indemnizaciones por accidentes del trabajo, tal como quedó enmendada en 1919, se refiere a las medidas que la propia comisión puede tomar cuando los beneficiados son menores y existiere peligro razonable de que la compensación en metálico hubiera de ser dilapidada.

Siendo ello así, no resulta que sea aplicable. No debemos perder de vista que se trata de una sentencia sobre las alegaciones y que no hay más hechos a considerar que los alegados en la demanda cuya certeza admiten los demandados.

¿Qué alcance tiene el otro precepto de la dicha ley sobre indemnizaciones que se invoca, o sea la sección 23 que dispone que "los derechos y acciones nacidos de esta Ley no podrán ser cedidos a otras personas ni serán objeto de embargo o reclamaciones de otras personas"?

Si leemos cuidadosamente el contrato, veremos que en él se hace referencia a la compensación que se asignó a los demandados, y si nos fijamos en el hecho tercero de la demanda encontraremos que en él expresamente se consigna que si el demandante se arriesgó a suplir a la demandada Dorotea Molina lo que suplió para ella y sus hijos lo fué "teniendo en consideración única y exclusivamente el hecho de que la compensación se había otorgado," pero aun así, a nuestro juicio, nada resulta contrario a la sección 23.

La súplica de la demanda es como sigue:

".... suplica se sirva tomar jurisdicción en este asunto y resolverlo mediante sentencia definitiva por la cual condene a los demandados conjuntamente a pagarle la referida cantidad de $1,105.00 oro americano, los intereses legales de esta suma desde la fecha de la interposición de esta demanda, los gastos, costas, desembolsos y honorarios de abogado que se devenguen en virtud del presente procedimiento, calculados razonablemente en $200.00."

Lo que se pide en definitiva es que se condene a los demandados a pagar la deuda que se alega contraída en la forma que se expresa.

Si la sentencia puede o no ejecutarse en bienes de los demandados menores procedentes de la compensación, sería una cuestión que surgiría después.

Parece que cierta suma que fué depositada en la corte a favor de los demandados procedente de la compensación, fué embargada por el demandante, pero esa cuestión no es objeto de este recurso y por lo tanto nada decidiremos sobre ella, adelantando sin embargo en evitación de dificultades que si se prueba una deuda legítimamente contraída, por ejemplo para alimentar a los menores, no vemos por qué no pueda

hacerse efectiva en cualesquiera bienes de éstos una vez que hayan pasado libremente a su disposición.

No es necesario detenernos en el análisis escrito de los otros dos errores señalados ya que habiéndose cometido el último tendrá que ser revocada la sentencia. Nos limitaremos a decir que también se cometieron. Aunque la deuda fuera nula en cuanto a los menores, no lo sería en cuanto a la madre. Por tanto, en ningún caso hubiera estado justificada la corte para absolverla como la absolvió de la demanda. La manera como comparecieron los menores es por lo menos informal. Debieron hacerlo representados por la madre y en el caso de estar ella impedida, por un defensor nombrádoles al efecto por la corte de acuerdo con la ley.

*Debe revocarse la sentencia recurrida.*