RAMONA FRANCISCA COLÓN RIVERA ET AL., demandantes y apelantes, *v.* ANTONIO CARRO, demandado y apelado.

Número 10558.

*Sometido:* 11 de diciembre de 1952. *Resuelto:* 14 de mayo de 1953.

*Ángel Roberto Díaz,* abogado de los apelantes; *F. Fernández Cuyar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Los hermanos Ramona Francisca, José María, Estela y María Victoria Colón Rivera interpusieron este pleito contra Antonio Carro para reivindicar cuatro condominios de una veinticuatroava parte cada uno sobre una finca radicada en el barrio Cuchillas de Corozal. En una demanda enmendada, alegaron ante la anterior Corte de Distrito de Bayamón, que ellos son los dueños de dichos condominios; que el demandado Carro los está poseyendo y disfrutando ilegalmente desde el año 1931; que los condominios pertenecientes a José María, Estela y María Victoria fueron adjudicados a Carro, en procedimiento sobre ejecución de la sentencia dictada en el caso civil número 14,295, seguido ante la anterior Corte de Distrito de San Juan, por el propio Carro, contra los demandantes, sus hermanos y su padre Francisco Colón Villareal; que tanto la sentencia, como su ejecución y demás procedimientos ulteriores en dicho pleito son nulos. Esta nulidad se funda, en síntesis, en que (*a*) la corte no adquirió jurisdicción sobre los entonces menores de edad José María, María Victoria y Estela Colón porque los emplazamientos que les sirvieron en dicho caso eran nulos, (*b*) la sentencia dictada contra dichos menores incluía $200 para costas y honorarios de abogado mientras que en el mandamiento para su ejecución, la cuantía por tal concepto se aumentó a $250, (*c*) la reclamación establecida por Carro en dicho pleito se basó en una escritura de reconocimiento de deuda e hipoteca

otorgada por el padre de los menores, a nombre de estos, sin autorización judicial para ello, (d) a pesar de haberse reconocido en una escritura de transacción del indicado pleito que a los menores José María, Estela y María Victoria, les correspondía pagar la suma de $301.50, la sentencia que luego se dictó contra ellos fué por $1,457 de principal, más intereses y $200 para costas y honorarios de abogado. En cuanto a Ramona Francisca, se alegó que en la indicada escritura de transacción (la número 60 otorgada en 11 de junio de 1931 ante el notario José E. Díaz) compareció como apoderado suyo, su hermano Juan Tomás Victorio Colón, trasmitiendo a Carro su condominio en dación en pago, sin que ella hubiera dado tal poder a su referido hermano.

En otra causa de acción los demandantes reclamaron los frutos producidos o que han debido producir sus respectivos condominios.

Contestó el demandado Carro, aceptando haber adquirido los condominios pertenecientes a José María, María Victoria y Estela Colón en el procedimiento de ejecución de sentencia en el caso civil núm. 14295, y en cuanto al otro condominio de Ramona Francisca, aceptó que si bien el hermano de ésta no tenía poder para ceder a Carro su condominio, ella posteriormente ratificó las actuaciones de su citado hermano. Negó casi todos los otros hechos alegados y como defensa alegó, que desde que se hizo cargo de la finca en 1931, ha venido pagando con su propio peculio al Federal Land Bank of Baltimore una hipoteca constituída sobre dicha finca por los demandantes, los hermanos de éstos y su padre.

Celebrado el juicio en los méritos, la corte a quo dictó sentencia declarando sin lugar la demanda, luego de formular las siguientes conclusiones:

"Del conjunto de la prueba ofrecida, este tribunal entiende que se le ha probado satisfactoriamente que el día 16 de abril de 1920 y ante el notario vecino de Naranjito, Ignacio Morales Acosta y a virtud de la escritura número 31, don Francisco Colón Villareal, casado con doña María Wistremunda Rívera,

compró a Antonio Carro y Rivera una finca rústica radicada en el Barrio Cuchillas de Corozal, P. R., compuesta de unas trescientas cuarenta cuerdas de terreno, finca ésta que aparece descrita en la demanda enmendada y que es objeto de este litigio. (*Exhibit* 3 de los demandantes.) Se probó a satisfacción del tribunal que el mismo día 16 de abril de 1920 los esposos compradores, don Francisco Colón Villareal y María Wistremunda Rivera, reconocieron deber a Antonio Carro la cantidad de $12,250 que les, prestara a (sic) éste y que dichos esposos garantizaron el importe del préstamo con la finca del Barrio Cuchillas de Corozal y que fué objeto de la escritura número 31 antes relacionada. Este reconocimiento de deuda de los esposos Colón Rivera fué consignado en documento otorgado ante el propio notario Ignacio Morales Acosta. (Véase exhibit 1 de los demandados.) Este préstamo que le hiciera Antonio Carro a los citados esposos lo fué a fin de facilitar la compra que hicieran éstos de la finca del Barrio Cuchillas de Corozal. Sin embargo, esa deuda se consignó en un documento privado. Más tarde falleció la esposa de don Francisco Colón Villareal, María Wistremunda Rivera, también conocida como María Victoria Rivera, y al morir dicha señora los hijos, tanto mayores como menores, heredaron su parte proporcional en la finca objeto de este litigio. También heredaron las deudas de su causante conforme a la ley. La evidencia demuestra que la deuda de la sucesión de María Victoria Rivera se originó al comprar dicha señora y su esposo, don Francisco Colón Villareal, la finca que en este litigio se discute. (Véase el testimonio de Antonio Carro y los exhibits 2, 3 y 4 de los demandantes y 1 del demandado.) Cuando murió doña María Victoria existía parte de la deuda que cobró luego el demandado Antonio Carro.

"En la demanda se alega que el padre, sin autorización judicial, reconoció la deuda en una escritura por sí y en representación de sus hijos menores. No hay duda que el padre no podía reconocer a nombre de tales menores deuda de especie alguna sin que para ello le autorizara un tribunal competente, pero entiende este tribunal que este punto no es vital en esta controversia ya que los hechos revelados por la evidencia demuestran la existencia legítima de una deuda no asegurada con gravamen sobre la finca que compraron los padres de los demandantes y demuestran que a la muerte de doña María Victoria parte de dicha deuda no estaba satisfecha y que al proceder el demandado Antonio Carro al cobro de la citada deuda

por la vía judicial ordinaria contra todos los herederos deudores, inclusive de los menores ahora demandantes, lo hizo derechamente a través de procedimiento judicial válido. El hecho de que el padre y alguno de los hijos mayores de edad trataron, después de muerta la madre, constituir un gravamen sobre la finca para asegurar el balance de la deuda no implica la nulidad original de tal deuda aunque el acto fuera, como en realidad lo fué, nulo por completo en cuanto a la misma se refiere a los menores de edad. La contención de los demandantes fundada en la tesis de que un padre no puede válidamente sin autoridad judicial crear o reconocer un gravamen sobre bienes inmuebles de sus menores hijos, entiende el tribunal que carece de importancia en esta controversia.

"Se alega que la acción ordinaria que sobre Cobro de Dinero siguió Carro contra los herederos de María Victoria Rivera se basó en la deuda reconocida en virtud de la escritura otorgada ante el notario Crosas y que lleva el número 401, (Exhibit 4 de los demandantes), es nula por no haber mediado autorización de tribunal alguno. Tal escritura fué hecha con la intención manifiesta de constituir una segunda hipoteca para garantizar la deuda consignada en el Exhibit 1 del demandado, pero tal intención no conllevó efectos legales en cuanto a los menores de edad por carecer de autoridad legal obtenida previamente de un tribunal de justicia. Tal hipoteca ni se inscribió, ni pudo hacerse, ni fué ejecutada.

"En cuanto al condominio de Ramona Francisca Colón, quien no dió poder alguno a su hermano Juan Tomás Victorio Colón para representarla en la dación en pago que se consignó en la escritura número 60 ante el notario José E. Díaz (Exhibit 8 de los demandantes), Carro solicitó de la Corte de Distrito de San Juan en el pleito ordinario sobre Cobro de Dinero, Civil número 14295 que de conformidad con los preceptos de ley fuera citada Ramona Francisca Colón por medio de edictos para que compareciera alegando las razones que tuviera para no estar solidariamente obligada por la sentencia dictada en tal caso, publicándose los edictos correspondientes y habiendo la Corte de Distrito de San Juan, el 3 de abril de 1934, dictado sentencia contra dicha Ramona Francisca Colón considerándola comprendida en el caso y obligada en solidaridad con todos los demandados al pago de la sentencia dictada. Por este medio fué subsanada la falta de poder escrito con que a nombre de Ramona Francisca Colón compareciera su hermano

Juan Tomás Victorio Colón en la escritura número 60 otorgada ante el notario José E. Díaz.

"A virtud de una herencia los demandantes adquirieron sus condominios en la finca objeto de esta controversia y además se hicieron responsables proporcionalmente de la deuda de su causante. Pero independientemente del esfuerzo que hiciera el padre de los demandantes y algunos de sus hijos para reconocer la legítima deuda de doña María Victoria, a través de escrituras, nulas en cuanto a ellas (sic) se refieren a menores de edad y a persona no representada con poder suficiente, tal deuda estaban obligados a pagarla tanto don Francisco Colón Villareal como los herederos de doña María Victoria Rivera, algunos de los cuales son los demandantes. El demandado siguió luego un procedimiento válido, acción en Cobro de Dinero ante la Corte de Distrito de San Juan, Civil número 14295 de tal corte y en dicho caso fueron citadas' todas las partes y tuvieron una oportunidad de alegar allí todos sus derechos. En este pleito se subastó el condominio de cada uno de los demandantes y el demandado adquirió en subasta pública los mismos. Entiende el tribunal que en este caso no se trata de resolver si fué válido o no el reconocimiento que el padre hiciera a nombre de sus menores hijos de una deuda suya y de su esposa muerta que resulta ser la madre de los demandantes. Tampoco se trata de resolver si doña Ramona Francisca Colón estuvo válidamente representada por su hermano Juan Tomás Victorio en la escritura otorgada ante el notario José E. Díaz. Todo eso fueron nulas actuaciones al intentarse reconocer la deuda legítima que dejara al morir doña María Victoria. Como diría el Juez Snyder, 'ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales o de procedimiento incurridos por su adversario'. Carro cobró su crédito en procedimiento judicial ajustado a los dictados de la ley en el caso civil antes mencionado y que se siguiera ante la Corte de Distrito de San Juan."

En apelación los demandantes imputan a la corte a quo la comisión de siete errores. Los propios apelantes discuten conjuntamente los errores primero, segundo, tercero y séptimo, los que sintetizan así: "Estos cuatro errores que imputamos al tribunal inferior tienen un fundamento común: la nulidad, y más que la nulidad, la inexistencia del recono-

cimiento de deuda y la constitución de Segunda Hipoteca consignadas en la escritura núm. 401 de 31 de diciembre de 1924, otorgada ante el notario Andrés B. Crosas, en cuanto a los condominios de los demandantes-apelantes se refiere, y la nulidad, ineficacia e inexistencia o ilegalidad de todos los demás actos posteriores ejecutados por el demandado-apelado tomando por fundamento esa escritura."

El apelado admite que la hipoteca que intentaron constituir los herederos de María Wistremunda Rivera a favor de Carro, mediante la citada escritura núm. 401, no es válida, ni se inscribió nunca y que como cuestión de derecho nunca tuvo eficacia legal en cuanto a los menores se refiere ya que la propia escritura revela que el padre de los menores no tenía autorización judicial para constituir tal hipoteca a nombre de ellos. Sin embargo, Carro nunca ejecutó dicha hipoteca. El pleito civil número 14,295, fué uno ordinario en cobro de dinero. La cantidad reclamada en dicho pleito, era el remanente de la deuda original contraída por el padre y la madre de los aquí demandantes cuando compraron la finca a Carro. Esa deuda original constaba en un documento reconocido ante notario en abril de 1920. La escritura núm. 401, otorgada en 1924, surtía, por lo menos, el efecto de un reconocimiento hecho por el padre a nombre propio y de sus hijos menores, del balance a favor de Carro en la fecha de su otorgamiento. Para hacer ese reconocimiento, dada la circunstancia ya apuntada, y la cuantía envuelta, el padre no necesitaba autorización judicial. *Fonseca* v. *Molina*, 39 D.P.R. 581 y *Guadalupe* v. *Rodríguez*, 70 D.P.R. 958. Además, si esto no fuera así, aún queda el hecho de que la deuda original venció en 1927 y Carro interpuso su acción en cobro del remanente de la misma, cuatro años después, o sea, en 1931. No se cometieron pues, los errores señalados.

■■ Bajo los señalamientos cuarto y quinto, se imputa error a la corte a quo al dictar sentencia contra Ramona Francisca Colón, puesto que ella nunca dió poder a su her-

mano Juan Tomás Victorio Colón para comparecer en la escritura núm. 60 sobre dación en pago y trasmitir su condominio a Carro. No hay controversia en cuanto a que tal poder nunca existió. Por tanto, la dación en pago del condominio de dicha demandante era nula. Mas, como por ser dicha demandante una deudora solidaria se siguió contra ella en el pleito núm. 14,295 el procedimiento señalado en los artículos 96, 307 y 312 del Código de Enjuiciamiento Civil y se dictó sentencia considerándola comprendida en el caso y obligada solidariamente con los demás demandados al pago de la sentencia dictada, la corte a quo concluyó que "Por este medio fué subsanada la falta de poder escrito con que a nombre de Ramona Francisca Colón compareciera su hermano Juan Tomás Victorio Colón en la escritura número 60 otorgada ante el notario José E. Díaz." En otra parte de sus conclusiones, la corte a quo indica que en el pleito núm. 14,295, se subastó el condominio de cada uno de los demandantes y el demandado Carro adquirió en subasta pública los mismos. No hemos encontrado nada en la prueba que sostenga estas conclusiones. Los únicos condominios subastados y adjudicados a Carro fueron los pertenecientes a María Victoria, José María y Estela Colón. Esto ocurrió en 17 de noviembre de 1931. La sentencia contra Ramona Francisca fué dictada en abril de 1934. Más no hay constancia alguna de que en ejecución de esa sentencia se vendiera en pública subasta y se adjudicara a Carro, el condominio de dicha demandante.

El crédito por sentencia de Carro contra ella, no da a aquél título sobre el condominio de ésta. Por tanto, Carro ha venido poseyendo ilegalmente el condominio de la demandante Ramona Francisca Colón y fué un error desestimar la demanda en cuanto a ella.

■ Discutiendo el sexto error los apelantes arguyen que en el pleito núm. 14,295 los menores no fueron válidamente emplazados porque no se entregó a todos y cada uno de dichos

menores y a su padre, copia de la demanda y copia del emplazamiento, uno para cada uno. Carece de méritos tal contención. La evidencia documental demuestra que el márshal de la Corte de Distrito de Bayamón entregó a cada uno de los demandados en sus propias residencias una copia del emplazamiento y una copia de la demanda, y demuestra además, que un diligenciante particular emplazó a María Victoria y Estela Colón, entregando una copia de la demanda y del emplazamiento a cada una de dichas menores y a su padre Francisco Colón. Bajo tales circunstancias no puede sostenerse que los referidos menores no fueran legal y válidamente emplazados. *Guadalupe* v. *Rodríguez*, supra.

■ Carece igualmente de méritos la contención respecto a que la suma concedida por la sentencia para costas y honorarios de abogados es menor que la consignada para estos fines en el mandamiento sobre ejecución de sentencia. La diferencia es de $50. Sin embargo, los condominios de los tres menores demandados fueron vendidos y adjudicados a Carro por $200 mientras que la sentencia contra ellos era por $1,447.50. Ese error de número, no conlleva la nulidad de la ejecución de la sentencia.

*Por los fundamentos expuestos debe revocarse la sentencia apelada en cuanto a la demandante Ramona Francisca Colón Rivera y confirmarse en cuanto a los demás apelantes. Se devolverá el caso al tribunal inferior para que éste dicte la sentencia correspondiente a favor de dicha demandante conforme a las alegaciones de las partes y la prueba presentada por éstas.*

El Juez Asociado Sr. Ortiz no intervino.

El Juez Asociado Sr. Belaval concurre con el resultado.